FILED

2003 NOV -7 P 12: 27

US DISTRICT COURT
BRIDGEPORT CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(Bridgeport)

| | |
|---|---|
| OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY and OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY as Subrogee of Eastern Savings Bank, ) ) ) ) ) | CIVIL ACTION CASE NO. 3:01-CV-1772 (SRU) |
| Plaintiffs, ) ) | |
| v. ) ) | |
| BANK OF EAST ASIA LIMITED, M. DEAN MONTGOMERY, ESQ., BENTLEY, MOSHER, BABSON & LAMBERT, P.C., MARGARET L. LEE, JOHN CHENG, SINOWEST FINANCIAL SERVICES, TCRM ADVISORS, INC. and TCRM COMMERCIAL CORP., ) ) ) ) ) ) ) ) | |
| Defendants. ) | NOVEMBER 6, 2003 |

## ANSWER AND SPECIAL DEFENSES
## OF DEFENDANTS M. DEAN MONTGOMERY, ESQ.
## AND BENTLEY, MOSHER, BABSON & LAMBERT, P.C. TO
## PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Defendant, M. Dean Montgomery, Esq. and Bentley, Mosher, Babson & Lambert, P.C. (hereinafter the "Defendants"), by and through their attorneys, and presents its Answer and Special Defenses to the Amended Complaint of Plaintiff Old Republic National Title Insurance Company, dated November 16, 2001 as follows:

1.  Defendants deny any claims of malpractice or negligence. As to the remainder of Paragraph 1 of the Amended Complaint, Defendants are without sufficient knowledge or information upon which to form an opinion or belief and therefore leave the Plaintiff to its proof.

342815

## Parties

2. As to Paragraph 2 of the Amended Complaint, Defendants are without sufficient knowledge or information upon which to form an opinion or belief and therefore leave the Plaintiff to its proof.

3. Paragraph 3 of the Amended Complaint is admitted.

4. Paragraph 4 of the Amended Complaint is admitted.

5. As to Paragraph 5 of the Amended Complaint, Defendants are without sufficient knowledge or information upon which to form an opinion or belief and therefore leave the Plaintiff to its proof.

6. As to Paragraph 6 of the Amended Complaint, Defendants are without sufficient knowledge or information upon which to form an opinion or belief and therefore leave the Plaintiff to its proof.

7. As to Paragraph 7 of the Amended Complaint, Defendants are without sufficient knowledge or information upon which to form an opinion or belief and therefore leave the Plaintiff to its proof.

8. As to Paragraph 8 of the Amended Complaint, Defendants are without sufficient knowledge or information upon which to form an opinion or belief and therefore leave the Plaintiff to its proof.

9. As to Paragraph 9 of the Amended Complaint, Defendants are without sufficient knowledge or information upon which to form an opinion or belief and therefore leave the Plaintiff to its proof.

### Jurisdiction

10. As to Paragraph 10 of the Amended Complaint, Defendants are without sufficient knowledge or information upon which to form an opinion or belief and therefore leave the Plaintiff to its proof.

11. As to Paragraph 11 of the Amended Complaint, Defendants are without sufficient knowledge or information upon which to form an opinion or belief and therefore leave the Plaintiff to its proof.

### General Allegations

12. As to Paragraph 12, subparts a. through e. of the Amended Complaint, Defendants are without sufficient knowledge or information upon which to form an opinion or belief and therefore leave the Plaintiff to its proof. Paragraph 12, subpart f. is admitted.

13. As to Paragraph 13 of the Amended Complaint, Defendants are without sufficient knowledge or information upon which to form an opinion or belief and therefore leave the Plaintiff to its proof.

14. As to Paragraph 14 of the Amended Complaint, Defendants are without sufficient knowledge or information upon which to form an opinion or belief and therefore leave the Plaintiff to its proof.

15. As to Paragraph 15 of the Amended Complaint and all its subparts, Defendants are without sufficient knowledge or information upon which to form an opinion or belief and therefore leave the Plaintiff to its proof.

16.  As to Paragraph 16 of the Amended Complaint, Defendants are without sufficient knowledge or information upon which to form an opinion or belief and therefore leave the Plaintiff to its proof.

17.  As to Paragraph 17 of the Amended Complaint, Defendants are without sufficient knowledge or information upon which to form an opinion or belief and therefore leave the Plaintiff to its proof. Defendants admit that Montgomery represented Eastern Savings Bank and Old Republic at the closing.

18.  As to Paragraph 18 of the Amended Complaint, Defendants are without sufficient knowledge or information upon which to form an opinion or belief and therefore leave the Plaintiff to its proof.

19.  Paragraph 19 of the Amended Complaint is admitted.

20.  As to Paragraph 20 of the Amended Complaint, Defendants are without sufficient knowledge or information upon which to form an opinion or belief and therefore leave the Plaintiff to its proof.

21.  The defendants deny the allegations "on the Tuthill Account" but admit that M. Dean Montgomery drew check number 9641 on a Trustee Account maintained by M. Dean Montgomery. The remainder of paragraph 21 is admitted.

22.  Paragraph 22 of the Amended Complaint is admitted.

23.  Paragraph 23 of the Amended Complaint is admitted.

24.  Paragraph 24 of the Amended Complaint is admitted.

25. As to Paragraph 25 of the Amended Complaint, Defendants are without sufficient knowledge or information upon which to form an opinion or belief and therefore leave the Plaintiff to its proof.

26. As to Paragraph 26 of the Amended Complaint, Defendants are without sufficient knowledge or information upon which to form an opinion or belief and therefore leave the Plaintiff to its proof.

27. As to Paragraph 27 of the Amended Complaint, Defendants are without sufficient knowledge or information upon which to form an opinion or belief and therefore leave the Plaintiff to its proof.

28. The defendants deny the allegations "on the Tuthill Account" but admit that M. Dean Montgomery drew check number 9666 on a Trustee Account maintained by M. Dean Montgomery. The remainder of paragraph 28 is admitted.

29. As to Paragraph 29 of the Amended Complaint, Defendants are without sufficient knowledge or information upon which to form an opinion or belief and therefore leave the Plaintiff to its proof.

30. As to Paragraph 30 of the Amended Complaint, Defendants are without sufficient knowledge or information upon which to form an opinion or belief and therefore leave the Plaintiff to its proof.

31. As to Paragraph 31 of the Amended Complaint, Defendants are without sufficient knowledge or information upon which to form an opinion or belief and therefore leave the Plaintiff to its proof.

32. As to Paragraph 32 of the Amended Complaint, Defendants are without sufficient knowledge or information upon which to form an opinion or belief and therefore leave the Plaintiff to its proof.

33. Paragraph 33 of the Amended Complaint is admitted.

34. The defendants deny the allegation "Tuthill account" but admit that check number 9666 was from a Trustee Account maintained by M. Dean Montgomery. The remainder of the first sentence of Paragraph 34 of the Amended Complaint is admitted. As to whether or not "Chang also submitted affidavits to People's Bank", Defendants are without sufficient knowledge or information upon which to form an opinion or belief and therefore leave the Plaintiff to its proof.

35. As to Paragraph 35 of the Amended Complaint, Defendants are without sufficient knowledge or information upon which to form an opinion or belief and therefore leave the Plaintiff to its proof.

36. As to Paragraph 36 of the Amended Complaint, Defendants are without sufficient knowledge or information upon which to form an opinion or belief and therefore leave the Plaintiff to its proof.

### Count One

37. Paragraphs 1-36 of the Defendants' responses are incorporated herein.

38. Paragraph 38 of the Amended Complaint is admitted.

39. Paragraph 39 of the Amended Complaint is denied.

40. Paragraph 4039 of the Amended Complaint is denied.

### Count Two

41. Paragraphs 1-36 of the Defendants' responses are incorporated herein.

42. Paragraph 42 of the Amended Complaint is admitted as to Montgomery and denied as to "the Bentley Firm."

43. Paragraph 43 of the Amended Complaint is denied.

44. Paragraph 44 of the Amended Complaint is denied.

### Count Three

45.-49. The Defendants, M. Dean Montgomery, Esq. and Bentley, Mosher, Babson & Lambert, P.C., do not plead to this Count Three as the allegations herein are not directed to these Defendants.

### Count Four

50.-53. The Defendants, M. Dean Montgomery, Esq. and Bentley, Mosher, Babson & Lambert, P.C., do not plead to this Count Four as the allegations herein are not directed to these Defendants.

### Count Five

54.-60. The Defendants, M. Dean Montgomery, Esq. and Bentley, Mosher, Babson & Lambert, P.C., do not plead to this Count Five as the allegations herein are not directed to these Defendants.

### Count Six

61.-66.   The Defendants, M. Dean Montgomery, Esq. and Bentley, Mosher, Babson & Lambert, P.C., do not plead to this Count Six as the allegations herein are not directed to these Defendants.

### Count Seven

67.-71.   The Defendants, M. Dean Montgomery, Esq. and Bentley, Mosher, Babson & Lambert, P.C., do not plead to this Count Seven as the allegations herein are not directed to these Defendants.

### Count Eight

72.-78.   The Defendants, M. Dean Montgomery, Esq. and Bentley, Mosher, Babson & Lambert, P.C., do not plead to this Count Eight as the allegations herein are not directed to these Defendants.

### Count Nine

79.-81.   The Defendants, M. Dean Montgomery, Esq. and Bentley, Mosher, Babson & Lambert, P.C., do not plead to this Count Nine as the allegations herein are not directed to these Defendants.

### Count Ten

82.-85.   The Defendants, M. Dean Montgomery, Esq. and Bentley, Mosher, Babson & Lambert, P.C., do not plead to this Count Ten as the allegations herein are not directed to these Defendants.

### BY WAY OF FIRST SPECIAL DEFENSES AS TO COUNTS ONE AND TWO

1.   The Law Firm Defendants are not responsible for the damages claimed by plaintiff Old Republic National Title Insurance Company (Old Republic) in that:

   a.   Defendant Margaret Lee submitted a fraudulent application for a mortgage loan to Eastern Savings Bank.

   b.   Margaret Lee's sister, Nancy Chang, owned the property that was the subject of the fraudulent mortgage loan application.

   c.   In support of that application, Margaret Lee provided Eastern Savings Bank with a forged Power of Attorney (Power), purportedly executed by Chang, that purported to provide Margaret Lee with authority to mortgage the subject property.

   d.   Eastern Savings Bank subsequently issued a mortgage loan to Chang in reliance on the fraudulent Power that was presented to Eastern Savings Bank by Margaret Lee.

   e.   Margaret Lee thereafter fraudulently obtained access to the proceeds of the mortgage loan.

f.  If the Power did not provide Eastern with an enforceable legal mortgage or an equitable mortgage on the subject property, it was only because Margaret Lee fraudulently forged the Power.

g.  If the Power had not been forged and instead had been authorized by Chang, the other alleged defects, if any, in the Power would not have deprived Eastern of a legal mortgage on the subject property as to Chang.

h.  If the Power had not been forged and instead had been authorized by Chang, the other alleged defects, if any, in the Power would not have operated to deprive Eastern of an equitable mortgage on the subject property as to Chang.

i.  If the Power had not been forged and instead had been authorized by Chang, the other alleged defects, if any, in the Power would not have rendered Chang's debt to Eastern unenforceable as to Chang.

j.  Margaret Lee's fraudulent actions, and not other alleged defects, if any, in the Power were the cause of any inability by Eastern to enforce an equitable mortgage, legal mortgage and/or the debt as to Chang.

k.  The alleged negligence by the Law Firm Defendants was not a cause in fact or a proximate cause of the damages claimed by Old Republic in Counts One and Two.

l.  Lee's fraudulent actions are a superseding cause of the damages claimed by Old Republic in Counts One and Two.

## BY WAY OF SECOND SPECIAL DEFENSE AS TO COUNTS ONE AND TWO

1.  If the Power had not been forged and instead had been authorized by Chang, 1999 Special Acts No. 99-7 would have cured any alleged defect in the Power and Eastern's mortgage therefore would have been enforceable.

## BY WAY OF THIRD SPECIAL DEFENSE AS TO COUNTS ONE AND TWO

1.  If the Power had not been forged and instead had been authorized by Chang, C.G.S. Sec. 47-36aa would have cured any alleged defect in the Power and Eastern's Mortgage therefore would have been enforceable.

By: _____
CHRISTOPHER L. BRIGHAM, ESQ.
Federal Bar Number ct12410
Updike, Kelly & Spellacy, P.C.
265 Church Street, 10th Floor
New Haven, Connecticut 06510
Telephone:    (203) 786-8300
Facsimile:    (203) 772-2037
Email:        cbrigham@uks.com

342815

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing Appearance was mailed, first class, postage prepaid, this 6thth day of November, 2003, to all pro se parties and counsel of record as follows:

Marie A. Casper, Esq.
Zeldes, Needle & Cooper
1000 Lafayette Boulevard
Bridgeport, CT 06604

William Champlin, III, Esq.
Tyler, Cooper & Alcorn
CityPlace – 35th Floor
185 Asylum Street
Hartford, CT 06103-3488

Francis M. Donnarumma, Esq.
100 Grand Street, Suite 2F
Waterbury, CT 06702

Scott S. McKessy, Esq.
Reed, Smith, Shaw & McClay, LLP
375 Park Avenue, 17th Floor
New York, NY 10152

Kenneth Sussmane, Esq.
Sussmane & Zapfel
1065 Avenue of the Americas, 11th Floor
New York, NY 10018

By: _____
CHRISTOPHER L. BRIGHAM, ESQ.
Commissioner of the United States District Court

342815