FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

2003 NOV 17 P 3: 48

U.S. …

| | |
|---|---|
| OLD REPUBLIC NATIONAL<br>TITLE INSURANCE COMPANY, ET AL,<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF EAST ASIA LIMITED, ET AL,<br><br>Defendants. | CIVIL ACTION NO.<br>3:01cv1772(SRU)<br><br>November 17, 2003 |

## PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiffs Old Republic National Title Insurance Company ("Old Republic") and Old Republic, as Subrogee of Eastern Savings Bank (collectively referred to hereinafter as "Plaintiffs") hereby move pursuant to Rule 15(a) and (c) of the Federal Rules of Civil Procedure and Rule 9 of the Local Civil Rules for leave to amend the Amended Complaint, dated November 17, 2001 (the "Amended Complaint") in the form attached hereto as the Second Amended Complaint. In support of this motion, Plaintiffs represent as follows:

1.  The amendments made in the proposed Second Amended Complaint are as follows:

    a.  In the factual background portion of the complaint and in Counts Three through Six, augmentation of the factual allegations against defendant

Bank of East Asia Limited ("BEA") with respect to Margaret Lee's transactions with BEA relating to the opening of purported joint accounts in the names of Margaret Lee and Nancy Chang;

    b.    In Counts Five and Six, removal of allegations against BEA for conversion relating to an ordinary check;

    c.    In Count Three, correction of a mistake in the cite to the New York UCC, which identified that statute as Section 3-103 instead of Section 4-103;

    d.    Removal of all references to TCRM Commercial Corp., which has been dismissed from this action; and

    e.    Non-substantive format and stylistic changes, such as adding a defined term for Bank of East Asia Limited and modifying the spacing of certain paragraphs.

2.    The few allegations added to the claims against BEA relate back under Rule 15(c) to the initial Complaint, dated September 14, 2001 because the added allegations "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c ); see also Sokolski v. Trans Union Corp., 178 F.R.D. 393, 397 (E.D.N.Y. 1998) (allowing amendment where "[t]he existence of an underlying common scheme or course of conduct which is the basis of the original action and links otherwise distinct transactions provide[ed] grounds for relation back under Rule 15(c)."). Adequate notice to a defendant of amended allegations is also a prerequisite to amendment. Id.

3. The same transaction and occurrence test required by Rule 15(c) is plainly met here. The amended factual allegations about the opening of the purported joint accounts simply elaborate on allegations about these accounts and their use to deposit forged checks already included in the Complaint and the Amended Complaint. In addition, inclusion of information about the purported joint accounts in the Complaint was sufficient to give BEA adequate notice of the further allegations concerning the same subject matter.

WHEREFORE, Plaintiffs respectfully move that their motion to amend the Amended Complaint in the form attached to this motion as the Second Amended Complaint be granted.

Respectfully submitted,

By: *[signature]*
Frank J. Silvestri, Jr.
Federal Bar No. ct05367
Marie A. Casper
Federal Bar No. ct608974
ZELDES, NEEDLE & COOPER, P. C.
1000 Lafayette Boulevard
P. O. Box 1740
Bridgeport, CT 06601-1740
(203) 333-9441 (Telephone)
(203) 333-1489 (Facsimile)
mcasper@znclaw.com (E-mail)
fsilvestri@znclaw.com (E-mail)

Attorneys for Plaintiffs
Old Republic National Title Insurance
Company and Old Republic National
Title Insurance Company As Subrogee
Of Eastern Savings Bank

3