United States District Court
District of Connecticut
FILED AT        BRIDGEPORT

12-24-03

Kevin F. Rowe, Clerk

Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

OLD REPUBLIC NATIONAL
TITLE INSURANCE COMPANY, ET AL,

    Plaintiffs,

vs.

BANK OF EAST ASIA LIMITED, ET AL,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

**CIVIL ACTION NO.**
**3:01cv1772(SRU)**

**November 17, 2003**

## SECOND AMENDED COMPLAINT

1.  Plaintiffs Old Republic National Title Insurance Company ("Old

Republic"), and Old Republic National Title Insurance Company as subrogee of

Eastern Savings Bank, bring this damages action seeking redress for the

wrongful receipt and disbursement by the defendants of mortgage loan funds in

the amount of $975,000 on the basis of forged documents and endorsements.

Plaintiff Old Republic, as subrogee of Eastern Savings Bank, claims malpractice

by M. Dean Montgomery, Esq. and Bentley, Mosher, Babson & Lambert, P. C.;

statutory and common law negligence by the Bank of East Asia Limited ("Bank of

East Asia"); statutory and common law conversion by the Bank of East Asia; and

Unjust Enrichment by John Cheng, Sinowest Financial Services, and TCRM

Advisors, Inc.  Old Republic and Old Republic as subrogee claim Negligent

Misrepresentation by John Cheng and Sinowest Financial Services and

Fraudulent Misrepresentation  and violations of the Connecticut Unfair Trade

Practices Act by Margaret L. Lee, John Cheng and Sinowest Financial Services.

Plaintiff Old Republic claims negligence by M. Dean Montgomery and Bentley, Mosher, Babson & Lambert, P. C. The Plaintiffs seek compensatory and punitive damages, attorney fees, interest and costs.

### Parties

2.  The Plaintiff Old Republic National Title Insurance Company is organized under the laws of Minnesota, with a principal place of business in Minnesota.

3.  The Defendant M. Dean Montgomery, Esq. is licensed to practice law in the State of Connecticut, is an agent of Old Republic, and is a citizen of the State of Connecticut.

4.  The defendant Bentley, Mosher, Babson & Lambert, P. C., is a corporation organized under the laws of Connecticut, with a principal place of business in Greenwich, Connecticut.

5.  The Defendant Bank of East Asia is a foreign corporation organized under the laws of China, with a principal place of business in Hong Kong.  Said bank operates two branch offices in New York, New York.

6.  The Defendant Margaret L. Lee, on information and belief, is a citizen of Florida or Nevada, and is not a citizen of either Minnesota or Maryland.

7.  The Defendant John Cheng is a financial service representative for Sinowest Financial Services, and, on information and belief, is a citizen of New York, and is not a citizen of Minnesota or Maryland.

8.  The Defendant Sinowest Financial Services offers brokerage services for residential and commercial mortgage loans.  On information and belief,

Sinowest is an unincorporated association with a principal place of business in New York, and is not a citizen of either Minnesota or Maryland.

9.  The Defendant TCRM Advisors, Inc. ("TCRM") is organized under the laws of the State of New York, with a principal place of business in New York.

## Jurisdiction
### (28 U.S.C., 1332(a))

10.  This civil action is between diverse citizens, that is, citizens of different states.

11.  The matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs.

## General Allegations

12.  At all times relevant to this complaint:

a.  Margaret L. Lee resided in Florida.

b.  Nancy L. Chang, a sister of Margaret L. Lee, owned a residence at 36 Upland Drive, Greenwich, Connecticut.

c.  Eastern Savings Bank was organized under the laws of the State of Maryland, with a principal place of business in Maryland.

d.  John Cheng was an agent of Sinowest Financial Services of New York, New York, which provided mortgage brokerage services, among other services.

e.  On information and belief, TCRM provided financial and mortgage brokerage services, among other services.

    f.  M. Dean Montgomery, Esq. was a member of the Bentley firm who was retained to represent Eastern Savings Bank. Montgomery was also a title policy issuing agent of Old Republic.

13.  In the summer of 1998, approximately, Margaret Lee prepared a fraudulent application for a mortgage on the property of her sister Nancy Chang at 36 Upland Drive, Greenwich, Connecticut.

14.  In furtherance of said application, and at the direction of John Cheng, Lee prepared two powers of attorney bearing the forged signatures "Nancy Chang." The fraudulent powers of attorney purported to authorize Lee to mortgage or to sell the 36 Upland Drive property.

15.  Lee opened three accounts at the Bank of East Asia in New York City:

| Names on Account | Account Number |
|---|---|
| a.  Margaret L. Lee<br>Nancy Chang | 9006915 |
| b.  Margaret L. Lee<br>Nancy Chang | 26948 |
| c.  Margaret L. Lee<br>d/b/a New Star Fashion Trading | 002704-9 |

Account numbers 26948 and 9006915 purported to be joint accounts in the names of both Margaret Lee and Nancy Chang. Although the Bank of East Asia's records indicate that Nancy Chang's identity was verified through her driver's license when the accounts were opened, the accounts were actually opened without the knowledge or authority of Chang.

16.  In September 1998, TCRM presented to Eastern Savings Bank the proposed mortgage loan for 36 Upland Road.  Thereafter, TCRM acted as lead broker in the proposed transaction, and provided Eastern Savings Bank and Montgomery with documents and information to secure approval and issuance of the mortgage loan.  The mortgage loan agreement provided for payment of $74,700 in fees to TCRM, one-half of which was to be paid to "outside brokers."

17.  On or about October 2, 1998, Lee, Cheng and a representative of TCRM attended the closing on the 36 Upland Drive mortgage at the law offices of the Bentley firm in Stamford, Connecticut.  Montgomery represented Eastern Savings Bank and Old Republic at the closing.  Acting pursuant to a forged power of attorney, Lee fraudulently executed various documents, purportedly on behalf of Nancy Chang.

18.  On or about October 2, 1998, Eastern Savings Bank issued to Nancy Chang a mortgage loan on 36 Upland Drive, Greenwich, Connecticut in the amount of $975,000.

19.  Montgomery issued Loan Policy No. MM02647451 on behalf of Old Republic, insuring Eastern Savings Bank with respect to said mortgage loan.

20.  On and between October 2-7, 1998, Eastern Savings Bank wire transferred net loan proceeds of $946,682.53 to an account under the control of Montgomery, the "Tuthill Finance Wianco Funding Attorneys Escrow Account" (hereinafter "Tuthill Account"), at People's Bank in Connecticut.  Portions of these funds were disbursed to pay closing costs and fees, including broker fees totaling

$81,000 paid to TCRM. The remaining $848,991.81 was disbursed to the order of "Nancy Chang" through checks drawn on People's Bank.

21. On or about October 7, 1998, M. Dean Montgomery drew check number 9641 on the Tuthill Account in the amount of $780,290.81, and therewith purchased ten cashiers checks from People's Bank, numbers 3915678 through 3915687.

22. Each of the ten cashier's checks was drawn in the amount of $78,029.08, was dated October 7, 1998, and identified "Nancy Chang" as the sole named payee. Montgomery provided the ten cashier's checks to Lee.

23. On or about October 7, 1998, Montgomery provided a check in the amount of $74,700 to TCRM drawn from the mortgage loan proceeds, representing the commission due for brokerage services.

24. On or about October 14, 1998, Montgomery provided a second check in the amount of $6,300 to TCRM drawn from the mortgage loan proceeds, representing the remaining commission due for brokerage services based on adjusted calculations.

25. On information and belief, TCRM distributed portions of these commission payments to John Cheng and Sinowest.

26. Lee negotiated each of the ten cashier's checks by submitting them for deposit at the Bank of East Asia bearing the forged endorsement of Nancy Chang. The Bank of East Asia, and subsequently People's Bank, honored each of the ten fraudulently endorsed cashier's checks.

27. On or about the dates indicated below, the fraudulently endorsed cashier's checks were deposited and processed:

| Check Number | Deposited at Bank of East Asia | Presented at People's Bank |
|---|---|---|
| 3915678 | 10/16/98 | 10/19/98 |
| 3915679 | 10/21/98 | 10/22/98 |
| 3915680 | 10/08/98 | 10/09/98 |
| 3915681 | 10/08/98 | 10/09/98 |
| 3915682 | 10/07/98 | 10/08/98 |
| 3915683 | 10/07/98 | 10/08/98 |
| 3915684 | 10/07/98 | 10/08/98 |
| 3915685 | 10/07/98 | 10/08/98 |
| 3915686 | 10/20/98 | 10/21/98 |
| 3915687 | 10/09/98 | 10/13/98 |

People's Bank in Connecticut paid Bank of East Asia on each of the above ten checks presented.

28. On or about October 14, 1998, Montgomery paid out the remaining balance on the mortgage loan, drawing check number 9666 on the Tuthill Account, payable to "Nancy Chang," in the amount of $68,700. Montgomery provided said check to Lee.

29. On or about October 20, 1998, Lee deposited check number 9666 at the Bank of East Asia, which check bore the forged endorsement of Nancy Chang.

30. On or about October 21, 1998, the Bank of East Asia presented check number 9666 to People's Bank in Connecticut, and People's Bank authorized payment on said fraudulently endorsed check.

31. Eastern Savings Bank received two monthly mortgage loan payments of $12,831.50 through automatic withdrawals from account number 002704-9 at the Bank of East Asia.

32. All remaining funds were withdrawn and disbursed by Lee without the knowledge or authority of Nancy Chang. Portions of these funds were disbursed by Lee to John Cheng and Sinowest.

33. On January 19, 1999, Chang contacted Montgomery and advised him that she had not executed a power of attorney in favor of Lee, had not authorized the mortgage to be placed on 36 Upland Drive, Greenwich Connecticut, and had not received any of the proceeds of the mortgage.

34. On January 27, 1999, Montgomery advised People's Bank that Tuthill Account check number 9666 and the ten cashier's checks bore forged endorsements of the payee, Nancy Chang. Chang also submitted affidavits to People's Bank to that effect.

35. On June 4, 1999, Montgomery made demand on People's Bank for $848,991.81, representing the total amount paid out over the fraudulently endorsed Tuthill Account check and People's Bank money orders.

36. On September 7, 1999, Old Republic Title Insurance Company paid Eastern Savings Bank approximately $975,000, in settlement of the claim made by Eastern Savings Bank on the title insurance policy. Plaintiff Old Republic thereby gained subrogation rights to the claims of Eastern Savings Bank.

## Count One

### Malpractice
Old Republic as subrogee v. M. Dean Montgomery and
Bentley, Mosher, Babson & Lambert, P. C.

37. Paragraphs 1-36 are incorporated herein.

38. Montgomery and the Bentley firm had a professional duty to Eastern Savings Bank to exercise ordinary skill and knowledge in representing Eastern Savings Bank.

39. Montgomery and the Bentley firm breached that duty by proceeding with the closing on 36 Upland Road and by disbursing mortgage funds based on a power of attorney document that was on its face invalid, that was improperly drafted and executed, and that was used under circumstances giving notice of fraud.

40. Old Republic, as subrogee of Eastern Savings Bank, has suffered a loss as a result of said malpractice.

## Count Two

### Negligence
Old Republic v. M. Dean Montgomery and
Bentley, Mosher, Babson & Lambert, P. C.

41. Paragraphs 1-36 are incorporated herein.

42. Montgomery and the Bentley Firm had a duty to Old Republic National Title Insurance Company to exercise ordinary skill and knowledge in representing Old Republic as its agent.

43. Montgomery and the Bentley Firm breached that duty by proceeding with the closing on 36 Upland Road and by disbursing mortgage funds based on

a power of attorney document that was on its face invalid, that was improperly drafted and executed, and that was used under circumstances giving notice of fraud.

44.  Old Republic has suffered a loss as a result of said negligence.

## Count Three

### Statutory Negligence
Old Republic as subrogee v. Bank of East Asia

45.  Paragraphs 1-36 are incorporated herein.

46.  The Bank of East Asia had a duty pursuant to New York Uniform Commercial Code section 4-103 to exercise ordinary care in processing checks, that is, to adhere to reasonable commercial standards prevailing in the area in which the bank is located.

47.  The Bank of East Asia had a duty to Eastern Savings Bank to exercise ordinary care in processing checks in which Eastern Savings Bank had a legal interest.

48.  The Bank of East Asia failed to exercise ordinary care, in violation of said statutory duty, when it: (a) allowed Margaret Lee to open purported joint accounts in the names of Margaret Lee and Nancy Chang without sufficiently verifying Nancy Chang's identity or grant of authority to open the joint accounts; and (b) accepted, presented to People's Bank and paid Tuthill Account check number 9666, and People's Bank cashier's checks numbered 3915678 through 3915687, each of which bore forged endorsements.

49.  Old Republic, as subrogee of Eastern Savings Bank, has suffered a loss as a result of said negligence.

## Count Four

### Common Law Negligence
Old Republic as subrogee v.  Bank of East Asia

50.  Paragraphs 1-36 are incorporated herein.

51.  The Bank of East Asia had a duty to Eastern Savings Bank to exercise ordinary care in processing checks in which Eastern Savings Bank had a legal interest.

52.  The Bank of East Asia failed to exercise ordinary care, that is, failed to adhere to reasonable commercial standards prevailing in the area in which the bank is located, when it: (a) allowed Margaret Lee to open purported joint accounts in the names of Margaret Lee and Nancy Chang without sufficiently verifying Nancy Chang's identity or grant of authority to open the joint accounts; and (b) accepted, presented to People's Bank and paid Tuthill Account check number 9666, and People's Bank cashier's checks numbered 3915678 through 3915687.

53.  Old Republic, as subrogee of Eastern Savings Bank, has suffered a loss as a result of said negligence.

## Count Five

### Statutory Conversion
Old Republic as subrogee v. Bank of East Asia

54.  Paragraphs 1-36 are incorporated herein.

55.  The Bank of East Asia made or obtained payment with respect to an instrument for a person not entitled to enforce the instrument or obtain payment, in violation of New York Uniform Commercial code section 3-419.

56.  Montgomery, acting on behalf of Eastern Savings Bank, acquired People's Bank cashier's checks numbered 3915678 through 3915687, payable to "Nancy Chang."

57.  The forged endorsements of "Nancy Chang" were unauthorized and ineffective to permit negotiation of said checks.

58.  Bank of East Asia allowed Margaret Lee to open purported joint accounts in the names of Margaret Lee and Nancy Chang without sufficiently verifying Nancy Chang's identity or grant of authority to open the joint accounts.

59.  The Bank of East Asia converted funds of Eastern Savings Bank by making or obtaining payment on People's Bank cashier's checks numbered 3915678 through 3915687 and Tuthill Account check number 9666 for a person other than Nancy Chang, that is, for a person not entitled to enforce the instrument or to receive payment.

60.  The Bank of East Asia made said payments with funds obtained from People's Bank in Connecticut.

61.  Old Republic, as subrogee for Eastern Savings Bank, has suffered a loss as a result of said conversion.

### Count Six

**Common Law Conversion**
Old Republic as subrogee v. Bank of East Asia

62.  Paragraphs 1-36 are incorporated herein.

63.  Montgomery, acting on behalf of Eastern Savings Bank, acquired People's Bank cashier's checks numbered 3915678 through 3915687, payable to "Nancy Chang."

64. The forged endorsements of "Nancy Chang" were unauthorized and ineffective to permit negotiation of said checks.

65. Bank of East Asia allowed Margaret Lee to open purported joint accounts in the names of Margaret Lee and Nancy Chang without sufficiently verifying Nancy Chang's identity or grant of authority to open the joint accounts.

66. The Bank of East Asia converted funds of Eastern Savings Bank by making payment on People's Bank cashier's checks numbered 3915678 through 3915687 and Tuthill Account check number 9666 for a person other than Nancy Chang, that is, for a person not entitled to enforce the instrument or to receive payment.

67. The Bank of East Asia made said payments with funds obtained from People's Bank in Connecticut.

68. Old Republic, as subrogee of Eastern Savings Bank, has suffered a loss as a result of said conversion.

### Count Seven

**Negligent Misrepresentation**
Old Republic and Old Republic as subrogee v. John Cheng and Sinowest
Financial Services

69. Paragraphs 1-36 are incorporated herein.

70. John Cheng and Sinowest Financial Services, in the course of providing brokerage services, supplied and assisted Lee to supply false information, that is, false powers of attorney and false representations by Lee of her authority to act on behalf of Chang, for the guidance of Eastern Savings Bank

and Old Republic in connection with the mortgage loan secured by 36 Upland Road.

71.  Eastern Savings Bank and Old Republic justifiably relied on said false information.

72.  John Cheng and Sinowest Financial Services failed to exercise reasonable care or competence in obtaining or communicating said information.

73.  Old Republic, and Old Republic as subrogee, have suffered losses as a result of said negligent misrepresentations.

## Count Eight

### Fraudulent Misrepresentation
Old Republic and Old Republic as subrogee v. Margaret L. Lee, John Cheng and Sinowest Financial Services

74.  Paragraphs 1-36 are incorporated herein.

75.  John Cheng and Sinowest Financial Services, in the course of providing brokerage services, and Margaret L. Lee made and assisted in making material false representations to Eastern Savings Bank and Old Republic in connection with the mortgage issued for 36 Upland Road, that is,

> (A) Lee submitted and caused to be submitted to Montgomery, Eastern Savings Bank and Old Republic fraudulent powers of attorney that had been obtained by and through Cheng, and which were submitted at his direction; and

> (B) Lee signed mortgage loan closing documents, including but not limited to a HUD "Settlement Statement," an "Open-End Mortgage," a "Balloon Note," and an "Addendum to Note," on

October 2, 1998 in the presence of Cheng and at his direction

falsely representing that she had authority to act on behalf of

Chang.

76.  Margaret L. Lee, John Cheng and Sinowest Financial Services knew

said representations to be false.

77.  Said false representations were made to induce action by Eastern

Savings Bank and Old Republic, that is, to induce the issuance of an insured

mortgage loan secured by 36 Upland Road and to induce the distribution of the

loan proceeds to Lee and to TCRM.

78.  Eastern Savings Bank relied on said false information in authorizing

the mortgage loan and in distributing the proceeds of the mortgage loan.

79.  Old Republic relied on said false information in insuring the mortgage

loan.

80.  Old Republic, and Old Republic as subrogee, have suffered losses as

a result of said fraudulent misrepresentations.

## Count Nine

### Connecticut Unfair Trade Practices Act
Old Republic and Old Republic as subrogee v. Margaret L. Lee, John Cheng and
Sinowest Financial Services

81.  Paragraphs 1-36, 75-79 are incorporated herein.

82.  The aforementioned conduct by Margaret L. Lee, John Cheng and

Sinowest Financial Services constitutes unfair and deceptive trade practices in

violation of General Statutes section 42-110b et seq.

83.  Old Republic, and Old Republic as subrogee of Eastern Savings

Bank, have suffered losses as a result of said unfair and deceptive practices.

## Count Ten

### Unjust Enrichment
Old Republic as subrogee v. John Cheng, Sinowest Financial Services, and
TCRM Advisors, Inc.

84.  Paragraphs 1-36 are incorporated herein.

85.  John Cheng, Sinowest Financial Services, and TCRM received

brokerage fees totaling $81,000 out of the proceeds of the mortgage loan on 36

Upland Road pursuant to the mortgage loan agreement between Eastern

Savings Bank and Lee.

86.  John Cheng, Sinowest Financial Services, and TCRM are not entitled

to retain these fees because the mortgage proceeds were obtained by fraud and

the mortgage agreement was void *ab initio*.

87.  Old Republic as subrogee has suffered a loss as a result of said

unjust enrichment.

WHEREFORE, the plaintiffs seek:

1.  Money damages;

2.  Punitive damages for violations of CUTPA pursuant to General

    Statutes section 42-110g;

3.  Attorneys' fees for violations of CUTPA pursuant to General Statutes

    section 42-110g;

4.  Interest;

5.  Costs;

6. Such other relief as to which plaintiffs are entitled in law and/or equity; and

7. Such further relief as the Court may deem just and proper.

Respectfully submitted,

By: _____

Frank J. Silvestri, Jr.
Federal Bar No. ct05367
Marie A. Casper
Federal Bar No. ct08974

Zeldes, Needle & Cooper, P. C.
1000 Lafayette Boulevard
P. O. Box 1740
Bridgeport, CT  06601-1740
(203) 333-9441 (Telephone)
(203) 333-1489 (Facsimile)
fsilvestri@znclaw.com (E-mail)
mcasper@znclaw.com (E-mail)

Attorneys for Plaintiff
Old Republic National Title
Insurance Company and Old
Republic National Title Insurance
Company as Subrogee Of
Eastern Savings Bank

## CERTIFICATION

This is to certify that a copies of the foregoing have been sent via first

class United States mail, postage prepaid, on this date to:

William H. Champlin, III, Esq.
Tyler Cooper & Alcorn LLP
185 Asylum Street, 35th Floor
Hartford, CT 06103-3488
(860) 725-6206

Christopher L. Brigham, Esq.
Updike Kelly & Spellacy, P.C.
265 Church Street
New Haven, CT 06510-7002
(203) 786-8310

Francis M. Donnarumma, Esq.
Law Office of Francis M. Donnarumma
100 Grand Street, Suite 2F
Waterbury, CT 06702
(203) 759-1002

Kenneth Sussmane, Esq.
Sussmane & Zapfel P.C.
1065 Avenue of the Americas, 11th Floor
New York, N.Y. 10018
(212) 944-9455

Scott S. McKessy, Esq.
Reed Smith LLP
599 Lexington Avenue, 29th Floor
New York, N.Y. 10022
(212) 521-5400

Dated at Bridgeport, Connecticut, this 17th day of November 2003.

_____
Frank J. Silvestri, Jr.