UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY and OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY as Subrogee of Eastern Savings Bank, | : CIVIL ACTION<br>: CASE NO.3:01-CV-1772(SRU)<br>: |
| Plaintiffs, | : |
| v. | : |
| BANK OF EAST ASIA LIMITED, M. DEAN MONTGOMERY, ESQ., BENTLEY, MOSHER, BABSON & LAMBERT, P.C., MARGARET L. LEE, JOHN CHENG, SINOWEST FINANCIAL SERVICES, TCRM ADVISORS, INC. and TCRM COMMERCIAL CORP., | : <br>: <br>: <br>: <br>: <br>: |
| Defendants. | : NOVEMBER 23, 2004 |

---

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE PROPOSED EXPERT TESTIMONY OF PETER J. KELLY AND GILBERT LEBOVITZ

Defendants M. Dean Montgomery, Esq., and Bentley, Mosher, Babson & Lambert, P.C. (collectively, the "Law Firm Defendants") have disclosed that they intend to offer the expert testimony of two lawyers: Peter J. Kelly, of the Florida Bar, and Gilbert Lebovitz, of the Connecticut Bar. Their proffered testimony hinges on questions of law – including the interpretation of §47-7 of the Connecticut General Statutes, which sets forth the requirements under which documents relating to real estate transactions executed in other states will be recognized as valid in Connecticut. Kelly makes an assumption as to what §47-7 requires, and Lebovitz offers his opinion. Both Kelly's assumption and Lebovitz' opinion on this legal issue are wrong.

Opinion testimony from lawyers that is premised on incorrect propositions of law is virtually by definition irrelevant, unhelpful and unreliable. Moreover, lawyers offered as expert witnesses are not allowed to testify as to what the law is; that is the exclusive province of the Court to decide, and to instruct the jury accordingly. Plaintiff Old Republic National Title Insurance Co., on its own behalf and as subrogee of Eastern Savings Bank ("Old Republic") has therefore moved for orders *in limine* to preclude the testimony the Law Firm Defendants intend to elicit from Kelly and Lebovitz. For the reasons discussed below, Old Republic's motion should be granted, and Kelly's and Lebovitz' testimony should be precluded.

## Background and Summary of Argument

*Old Republic's Claims*

Old Republic commenced this damages action seeking redress for the wrongful receipt and disbursement by various defendants[1] of mortgage loan funds in the amount of $975,000 on the basis of forged documents, including a power of attorney and endorsements on a series of checks. The relevant claims for purposes of the present motion are those asserted by Old Republic (as subrogee of Eastern Savings Bank, the lender in the underlying loan transaction) against the Law Firm Defendants for legal malpractice and by Old Republic on its own behalf against the Law Firm Defendants for negligence in acting as Old Republic's agent for issuing title insurance policies. One pertinent issue is whether Montgomery was negligent in not recognizing that the power of attorney presented at the mortgage closing[2] was defective for a number of reasons, including the fact that it lacked two attesting witnesses.

---

[1] The defendants include: M. Dean Montgomery, Esq., Bentley, Mosher, Babson & Lambert, P.C., Bank of East Asia, Margaret L. Lee, John Cheng, Sinowest Financial Services, and TCRM Advisors, Inc.

[2] A copy of the power of attorney is attached as Exhibit A to Old Republic's motion.

2

*Kelly's Opinion*

The Law Firm Defendants intend to offer Kelly's testimony for his opinions that (1) the power of attorney, which was executed in Florida, is sufficiently valid and enforceable under Florida law to mortgage Florida non-homestead real estate; and (2) Montgomery exercised the appropriate standard of care in attempting to verify the proper execution of the power of attorney.[3]

Kelly's first opinion – that, since Florida law does not require two witnesses on powers of attorney used to mortgage Florida non-homestead real property, the power of attorney involved here would be valid under Florida law for that purpose – could bear on the issues of this case only if, under §47-7 of the Connecticut General Statutes, a power of attorney to mortgage Connecticut real property that is executed in Florida will be recognized as valid in Connecticut if it complies with the requirements of Florida law for powers of attorney for *mortgaging* Florida real property. Kelly himself recognizes this:

> Q.    With respect to your first opinion with respect to the power of attorney being valid and enforceable if used to mortgage Florida non-homestead real estate, do you have any understanding of the relevance of that opinion to this case?
>
> A.    My understanding of the relevance to this case is that if the power of attorney was valid to *mortgage* Florida non-homestead real estate, then under some type of reciprocity statute in Connecticut, it would also be valid to mortgage Connecticut real estate.

Kelly Deposition, pp. 27-28.[4]  (emphasis provided).

Kelly's understanding of §47-7 – the "reciprocity statute in Connecticut" – is incorrect. As discussed below, that statute recognizes as valid in Connecticut documents executed in other states that comply either with Connecticut law or with the law of the state of execution relating

---

[3] Kelly's written opinion, marked as Exhibit 73 at his deposition, is attached as Exhibit B to Old Republic's motion.
[4] Excerpts from Kelly's deposition are attached as Exhibit C to Old Republic's motion.

3

to the *conveyance* of real estate or interests in real estate situated in the state where the document is executed. Even though, as Kelly has opined, Florida law might not require powers of attorney to *mortgage* Florida real estate to have two attesting witnesses, a mortgage is not a conveyance in Florida, and Florida law does require two witnesses for *conveying* Florida real estate. Kelly's opinion is thus neither relevant nor helpful to a resolution of the issues in this case. Moreover, his proffered testimony as to the facial validity of the power of attorney under any provision of Florida law is an impermissible opinion as to an issue of law.

In his second opinion, Kelly purports to testify as to the standard of care applicable to the Law Firm Defendants. By his own admission, however; see Kelly Deposition at 58-59; he is not qualified to testify as to the standard of care required of a Connecticut attorney.

*Lebovitz' Opinion*

The Law Firm Defendants intend to offer Lebovitz' testimony for his opinion that Montgomery's conduct in the loan transaction met the applicable standard of care, because the power of attorney, despite the absence of two witnesses, was valid to mortgage real property in Connecticut.[5] He proposes to testify that the power of attorney was valid under §47-7 because it complied with the requirements of Florida law for powers of attorney to *mortgage* Florida real property. This opinion, however, incorporates the same erroneous reading of §47-7 that infects the assumption on which Kelly's opinion is based. Because Lebovitz' view of this issue of law is incorrect, his opinion is unreliable. Moreover, right or wrong, it constitutes an inadmissible opinion as to an issue of law.

---

[5] Lebovitz' written opinion, marked as Exhibit 104 at his deposition, is attached as Exhibit D to Old Republic's motion.

4

## ARGUMENT

### I. EXPERT TESTIMONY IS ADMISSIBLE ONLY IF IT IS RELEVANT, HELPFUL AND RELIABLE.

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which provides in relevant part that "if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Rule 702 incorporates the principles established by the Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993), in which the Court held that "under the Rules the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." In *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999), the Court extended this gate-keeping function beyond scientific expertise, and applied it to "testimony based on technical and other specialized knowledge."

### II. THE POWER OF ATTORNEY IS NOT VALID UNDER CONNECTICUT LAW BECAUSE IT DID NOT CONFORM WITH THE REQUIREMENTS OF FLORIDA LAW GOVERNING THE CONVEYANCE OF REAL ESTATE, WHICH REQUIRES ATTESTATION BY TWO WITNESSES; KELLY'S AND LEBOVITZ' OPINIONS TO THE CONTRARY ARE IRRELEVANT, UNHELPFUL AND UNRELIABLE

Old Republic contends that Montgomery was negligent because, among other things, he proceeded with the mortgage closing despite the fact that the Florida-executed power of attorney was invalid due to the lack of two attesting witnesses. Whether or not the power was valid depends on whether it satisfied the requirements of § 47-7. Section 47-7 (a) provides in relevant part.

> [A]ny conveyance of real estate situated in this state, any mortgage or release of mortgage or lien upon any real estate situated in this state, and any power of attorney authorizing another to convey any interest in real estate situated in this state, executed and acknowledged in any other state or territory in conformity with the laws of that state or territory *relating to the conveyance of real estate therein situated or of any interest therein* or with the laws of this state, is valid.

(Emphasis added.)

Connecticut General Statutes §47-36h establishes that in Connecticut a mortgage is a conveyance of the mortgaged property.[6] Connecticut General Statutes § 47-5(a)[7] mandates that two witnesses must attest to powers of attorney used to convey real estate. Because the power of attorney used to mortgage the Connecticut real estate involved in this case lacked two witnesses, it failed to meet these Connecticut statutory requirements. Under § 47-7, the inquiry thus turns to Florida law. In particular, the test is whether the power was executed with the same formality that Florida requires on instruments relating to the *conveyance* of Florida real property. Whether the power would have been sufficient to authorize the *mortgaging* of Florida property is not the question.

Section 47-7 expressly provides that a power of attorney that does not meet the requirements of Connecticut law will be recognized as valid in Connecticut if it is executed in another state in conformity with the laws of that state "relating to the *conveyance* of real estate therein situated or of any interest therein." (Emphasis added.) Conn. Gen. Stat. § 47-7 (a). There is no room to argue that the relevant Florida law for purposes of §47-7(a) is the law

---

[6] The statute provides, in pertinent part, that "[a] deed following the form entitled 'Mortgage Deed,' when duly executed, has the force and effect of a deed to the mortgagee in fee simple, subject to defeasance."

[7] "All conveyances of land shall be: (1) In writing; (2) if the grantor is a natural person, subscribed, with or without a seal, by the grantor with his own hand or with his mark with his name annexed to it *or by his attorney authorized for that purpose by a power executed, acknowledged and witnessed in the manner provided for conveyances* . . . (3) acknowledged by the grantor, his attorney or such duly authorized person to be his free act and deed; and (4) attested to by two witnesses with their own hands." (Emphasis added.)

6

relating to powers of attorney for mortgaging Florida real property. That interpretation runs afoul of the statute's clear language; as the Second Circuit has held: "[W]here the meaning of a statute's terms are unambiguous, the plain meaning of the statute controls its interpretation." *Canada Life Assur. Co. v. Converium Ruckversicherung (Deutschland) AG*, 335 F.3d 52, 57 (2d Cir. 2003). *See also,* Conn. Public Act No. 03-154 (eff. Oct. 1, 2003).[8]

Section 689.01 of the Florida Statutes sets forth how instruments relating to the conveyance of Florida real estate are to be executed and acknowledged. It provides in relevant part: "No estate or interest of freehold, or for a term of more than 1 year, or any uncertain interest of, in or out of any messuages, lands, tenements or hereditaments shall be created, made, granted, transferred or released in any other manner than by instrument in writing, *signed in the presence of two subscribing witnesses* by the party creating, making, granting, conveying, transferring or releasing such estate, interest, or term of more than 1 year." (Emphasis added.)[9]

A mortgage in Florida is not a conveyance of real property or of any interest in real property. Section 697.02 of the Florida Statutes expressly provides: "[A] mortgage shall be held to be a specific lien on the property therein described, and not a conveyance of the legal title or of the right of possession." Furthermore, the Florida Supreme Court has held that "[a] mortgage does not create an interest in land. It is a chose in action which creates a lien on land." *Waldock v. IBA*, 114 Fla. 787, 787, 153 So. 915 (1934); see also *Evins v. Gainesville Nat'l Bank*, 80 Fla. 84, 88, 85 So. 659 (1920) ("A mortgage shall be held to be a specific lien on the property therein described, and not a conveyance of the legal title or of the right of possession."); *Garrett* v.

---

[8] "The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered."

[9] Kelly testified at his deposition that he is unable to offer an opinion as to whether the subject power of attorney satisfies Florida's two witness requirement. See Kelly Deposition, pp. 54-55.

7

*Fernauld*, 63 Fla. 434, 437, 57 So. 671 (1912) ("An assignment of a mortgage lien is not a 'conveyance' or a 'transfer' of 'any interest' in land covered by the mortgage, but is only an assignment or transfer of the lien created by the mortgage."). Whether the power of attorney at issue here met Florida requirements for mortgaging real property is thus beside the point under §47-7.

In sum: §47-7, which governs the validity of the power of attorney at issue in this case, requires that the power be executed in conformity with Florida's laws regarding the conveyance of interests in Florida real property; a mortgage is not a conveyance of an interest in real property under Florida law; and instruments used for conveying interests in Florida real property must have two attesting witnesses. Kelly's proposed testimony that the disputed power of attorney is valid and enforceable under Florida law to mortgage non-homestead Florida real estate despite the absence of two attesting witnesses is thus irrelevant and will not be helpful to the jury. "One of the fundamental requirements of Rule 702 is that the proposed testimony assist the trier of fact to understand the evidence or to determine a fact in issue. This helpfulness requirement is akin to the relevance requirement of Rule 401, which is applicable to all proffered evidence[,] [but] . . . goes beyond mere relevance . . . because it also requires expert testimony to have a valid connection to the pertinent inquiry." (Internal quotation marks omitted.) *In re Rezulin Products Liability Litigation*, 309 F. Supp. 2d 531, 540 (S.D.N.Y. 2004).

Kelly's testimony does not address the issue that is relevant here – whether the power of attorney conforms with the requirements for instruments used to convey real property or an interest in real property under Florida law – at all. It cannot "assist the trier of fact" in resolving the relevant issue: whether the power of attorney is valid under § 47-7 to mortgage Connecticut real property. It should thus be excluded under Fed. R. Evid. 702.

Lebovitz' proposed testimony includes the same erroneous view of §47-7 that Kelly's opinion assumes. Lebovitz opinion, pp. 3-4; Lebovitz Deposition, pp. 94-108.[10] Lebovitz opines that the power of attorney was valid and enforceable to mortgage real estate in Connecticut because it was valid under Florida law relating to the mortgaging of Florida property. He reaches this conclusion based on his view that "the intent of that statute [i.e., §47-7] was to include, when it says to convey any interest in real estate, to include mortgage any real estate." Lebovitz Deposition, p. 98. He takes this view not because that is what §47-7 says, but because he thinks it "makes sense":

> Q.    ... It's your understanding that such a power of attorney executed in and acknowledged in any other state or territory in conformity with the laws of that state or territory relating to the conveyance of real estate therein situated or any interest therein means relating to the conveyance or mortgaging of real estate therein situated?
>
> MR. BRIGHAM:    Objection as to form.
>
> A.    I think that's the intent of the statute, yes.
>
> Q.    On what do you base that?
>
> A.    Just my opinion.
>
> Q.    Do you have any basis of that opinion?
>
> A.    Because it makes sense. This is a remedial statute. What they are saying is that if this document, executed in Florida or any other state, would be valid to do this transaction in that state, it's recognized here.
>
> Now, a power of attorney, in a sense, is part of a mortgage document which the power of attorney authorizes. I mean, quite honestly, I can't imagine that the legislature didn't intend to exclude powers of attorney in non-title states.

Lebovitz Deposition, pp. 103-04.

---

[10] Excerpts from Lebovitz' deposition are attached as Exhibit E to Old Republic's motion. Deposition exhibit 105, a copy of § 47-7 referred to in the cited transcript pages, is attached to the motion as Exhibit F.

9

Lebovitz' view that the power of attorney is valid in Connecticut under §47-7, despite the absence of two attesting witnesses, because it was executed in conformity with Florida law governing powers of attorney used to *mortgage* Florida property is flat out wrong. The plain language of § 47-7, ignored by Lebovitz, requires a power of attorney that is executed outside of Connecticut to meet the requirements for *conveying* real property in the state of execution in order to be valid in Connecticut. Had the General Assembly, presumably aware that some states (like Connecticut) are title theory states when it comes to mortgages, and others (like Florida) are lien theory states, intended the phrase "conveyance of real estate" to mean "conveyance of real estate or mortgaging of real estate in a lien theory state even though such a mortgage isn't a conveyance," it could have said so. It did not. Lebovitz reads words into §47-7 that are not there. Since his opinion that Montgomery did not breach the standard of care is based on an erroneous interpretation of the statute, it is unreliable. His testimony should be excluded.

### III. KELLY'S AND LEBOVITZ' OPINIONS ON MATTERS OF LAW ARE INADMISSIBLE LEGAL CONCLUSIONS

Kelly's and Lebovitz' testimony should also be excluded because their opinions constitute inadmissible legal conclusions. "[The second] circuit is in accord with other circuits in requiring exclusion of expert testimony that expresses a legal conclusion." *Hygh* v. *Jacobs*, 961 F.2d 359, 363 (2d Cir. 1994). In *Marx & Co., Inc.* v. *Diners' Club Inc.*, 550 F.2d 505, 509-10 (2d Cir. 1977), the court explained: "It is not for witnesses to instruct the jury as to applicable principles of law, but for the judge. . . . [E]xpert testimony on law is excluded because the tribunal does not need the witness' judgment. . . . The judge (or the jury as instructed by the judge) can determine equally well." (Internal citations omitted.) See also *Burkhart* v. *Washington Metro Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997) ("Each courtroom

10

comes equipped with a 'legal expert' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards.") Kelly's and Lebovitz' proposed testimony includes their interpretation of the requirements of Florida law to effectuate a valid power of attorney to mortgage real property. They further opine that the power of attorney in this case satisfies these requirements, and that it would be valid to mortgage real property situated in Connecticut pursuant to their interpretation of § 47-7. Since "the testimony of an expert on matters of domestic law is inadmissible for any purpose," *In re: Initial Public Offering Securities Litigation*, 174 F. Supp. 2d 61, 64 (S.D.N.Y. 2001), Kelly's and Lebovitz' proposed testimony should be precluded for this reason as well.

### IV. KELLY IS ADMITTEDLY NOT QUALIFIED TO TESTIFY REGARDING THE APPLICABLE STANDARD OF CARE

Federal Rule of Evidence 702 only allows expert testimony to be offered by "a witness qualified as an expert by knowledge, skill, experience, training, or education." Kelly is not qualified to offer an opinion that Montgomery exercised the appropriate standard of care in attempting to verify the proper execution of the power of attorney. Kelly is a Florida lawyer admitted to practice solely in the state of Florida. He admitted during his deposition that because he practices only in Florida, his opinion in this case is limited to what a Florida attorney would typically do under these circumstances:

> Q. You used the language in your opinion on the second issue, the "Appropriate standard of care." What standard of care are you talking about?
>
> A. Well, since I just practice in Florida, I have to limit my opinion to what a Florida lawyer would typically do under these circumstances. So I am referring to the standard of care followed by a Florida lawyer in verifying a power of attorney.

11

> Q. Are you opining on whether or not Mr. Montgomery exercised the appropriate standard of care applicable to a Connecticut real estate attorney?
>
> A. No, I cannot.

Kelly Deposition, pp. 58-59. Since Kelly is not qualified to opine on the standard of care applicable to a Connecticut real estate attorney such as Montgomery, his opinion on this issue should be precluded under Rule 702.

## Conclusion

For the foregoing reasons, the plaintiffs' motion *in limine* for an order precluding the proposed expert testimony of Peter J. Kelly and Gilbert Lebovitz should be granted.

PLAINTIFFS
OLD REPUBLIC NATIONAL TITLE
INSURANCE COMPANY

By _/s/ Frank J. Silvestri_
Frank J. Silvestri, Jr., Esq.
Federal Bar No: ct05367
Madeleine F. Grossman, Esq.
Federal Bar No.: ct05987
LEVETT ROCKWOOD P.C.
33 Riverside Avenue
P.O. Box 5116
Westport, CT 06881
Telephone: (203) 222-0885
Facsimile: (203) 226-8025

## CERTIFICATION

This is to certify that a true and correct copy of the foregoing was mailed, First Class Mail, postage pre-paid, on this the 23rd day of November, 2004, to the following counsel of record:

William Champlin, III, Esq.
Tyler, Cooper & Alcorn
CityPlace – 35th Floor
185 Asylum Street
Hartford, CT 06103-3488

Francis M. Donnarumma, Esq.
100 Grand Street, Suite 2F
Waterbury, CT 06702

Scott S. McKessy, Esq.
Reed Smith LLP
599 Lexington Avenue, 29th Floor
New York, NY 10022

Kenneth Sussmane, Esq.
Sussmane & Zapfel
1065 Avenue of the Americas, 11th Floor
New York, NY 10018

Christopher L. Brigham, Esq.
Updike, Kelly & Spellacy, P.C.
One Century Tower
265 Church Street
New Haven, CT 06510

Frank J. Silvestri

91413