UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY and OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY as Subrogee of Eastern Savings Bank, | : CIVIL ACTION CASE NO.<br>: 3:01-CV-1772(SRU)<br>: |
| Plaintiffs, | : |
| v. | : |
| BANK OF EAST ASIA LIMITED, M. DEAN MONTGOMERY, ESQ., BENTLEY, MOSHER, BABSON & LAMBERT, P.C., MARGARET L. LEE, JOHN CHENG, SINOWEST FINANCIAL SERVICES, TCRM ADVISORS, INC. and TCRM COMMERCIAL CORP., | : |
| Defendants. | : JUNE 8, 2005 |

---

**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS
JOHN CHENG AND SINOWEST FINANCIAL SERVICES**

Plaintiffs Old Republic National Title Insurance Company ("Old Republic") and Old Republic, as Subrogee of Eastern Savings Bank (collectively referred to hereinafter as "Plaintiffs") hereby move, pursuant to Rule 55 (b) of the Federal Rules of Civil Procedure and upon the Declaration of John T. Carroll attached as Exhibit A, that a default judgment enter against the defendants John Cheng ("Cheng") and Sinowest Financial Services ("Sinowest") (collectively referred to hereinafter as "Defendants"). In support of this motion, Plaintiffs represent as follows:

1. A default entered against Defendants in this action by orders dated May 12, 2005. Copies of the orders are attached as Exhibit B.

2.  The claim against Defendants for fraudulent and negligent misrepresentation and violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), codified at §§ 42-110a et seq. of the Connecticut General Statutes, is in the amount of $1,284,390.00, which is calculated as follows:

    a.  <u>Actual Damages</u>- As set forth in the Carroll Declaration, on September 7, 1999, Old Republic Title Insurance Company paid Eastern Savings Bank $975,000 in settlement of the claim made by Eastern Savings Bank on the title insurance policy. In December 2004, Plaintiffs entered into a settlement agreement with Defendants Bank of East Asia Limited, M. Dean Montgomery, Esq., Bentley, Mosher, Babson & Lambert, P.C., People's Bank and TCRM Advisors, Inc., whereby Plaintiffs were to receive an aggregate payment of $750,000 no later than January 14, 2005 (the "Settlement Due Date"). Plaintiffs subsequently received the payment of $750,000 by the Settlement Due Date, and now seek actual damages in the amount of $225,000.

    b.  <u>Prejudgment Interest</u>- Plaintiffs are entitled to prejudgment interest at a rate of 10% pursuant to Conn. Gen. Stat. § 37-3a, in a total amount of $531,404.34, calculated as follows:

        i.  For the period up to the Settlement Due Date, September 7, 1999 to January 14, 2005, 10% of $975,000, which is $97,500 per year or $267.12 per day, multiplied by 5 years and 128 days, resulting in interest due in the amount of $522,219.98; and

        ii.  For the period after the Settlement Due Date, January 14, 2005 to June 10, 2005, 10% of $225,000, which is $22,500 per year or $61.64 per

day, multiplied by 149 days, resulting in interest due in the amount of $9184.36.

3. Plaintiffs also seek an award of punitive damages as permitted under § 42-410g (a). Defendants' instigation of and extensive involvement in the fraudulent loan transaction, as substantiated at pages B0065-70 of the FBI report attached as Exhibit 1 to the Carroll Declaration, evidences Defendants' willful and knowing intent to deceive and defraud Plaintiffs. Defendants' intentional conduct in violation of CUTPA entitles Plaintiffs to recover punitive damages. *See Gervais v. O'Connell, Harris & Associates, Inc.*, 297 F. Supp. 2d 435, 440 (D. Conn. Dec. 23, 2003) (finding defendants' willful deception warranted an award of punitive damages under CUTPA in amount equal to twice plaintiff's actual damages.)

4. A reasonable measure of punitive damages is the amount of the expenses Plaintiffs have incurred in pursuing this litigation, including attorneys' and experts' fees and disbursements. Although CUTPA allows for a separate award of attorneys' fees and reasonable costs under §42-110g (d), such fees must be allocable to the CUTPA claim. *See Fabri v. United Technologies Int'l, Inc.*, 387 F.3d 109, 128-130 (2d Cir. 2004). Plaintiffs cannot allocate any time spent litigating its CUTPA claims against Defendants, because Defendants failed to appear in this action. Nonetheless, Plaintiffs have incurred expenses in the amount of $527,985.66 as a direct result of the fraudulent mortgage loan transaction instigated by Defendants' fraud and unfair trade practices, a detailed calculation of which is included in Exhibit 2 to the Carroll Declaration.

Wherefore, Plaintiffs move that a default judgment enter against Defendants as follows:

| | |
|---|---|
| Actual Damages | $   225,000.00 |
| Prejudgment Interest | 531,404.34 |
| Punitive Damages | 527,985.66 |
| Total | $ 1,284,390.00 |

PLAINTIFFS
OLD REPUBLIC NATIONAL TITLE
INSURANCE COMPANY

By: *Frank Silvestri* /s/
Frank J. Silvestri, Jr., Esq.
Federal Bar No: ct05367
Madeleine F. Grossman, Esq.
Federal Bar No.: ct05987
LEVETT ROCKWOOD P.C.
33 Riverside Avenue
P.O. Box 5116
Westport, CT 06881
Telephone: (203) 222-0885
Facsimile: (203) 226-8025

## CERTIFICATION

This is to certify that a true and correct copy of the foregoing was mailed, First Class Mail, postage pre-paid, on this the 8th day of June, 2005, to the following counsel of record:

William Champlin, III, Esq.
Tyler, Cooper & Alcorn
CityPlace – 35th Floor
185 Asylum Street
Hartford, CT 06103-3488

Francis M. Donnarumma, Esq.
100 Grand Street, Suite 2F
Waterbury, CT 06702

Scott S. McKessy, Esq.
Reed Smith LLP
599 Lexington Avenue, 29th Floor
New York, NY 10022

Kenneth Sussmane, Esq.
Sussmane & Zapfel
521 5th Avenue, 28th Floor
New York, NY 10175-2199

Christopher L. Brigham, Esq.
Updike, Kelly & Spellacy, P.C.
One Century Tower
265 Church Street
New Haven, CT 06510

John Cheng
c/o Sinowest Financial Services
40 Elizabeth Street
New York, New York 10013

Sinowest Financial Services
40 Elizabeth Street
New York, New York 10013

Frank J. Silvestri

100614