UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

OLD REPUBLIC NATIONAL TITLE
INSURANCE COMPANY, and OLD
REPUBLIC NATIONAL TITLE
INSURANCE COMPANY as
Subrogee of Eastern Savings Bank          3:01 CV 1772 (SRU)

vs.

BANK OF EAST ASIA LIMITED,
M. DEAN MONTGOMERY, ESQ.,
BENTLEY, MOSHER, BABSON
& LAMBERT, P.C., MARGARET L. LEE,
JOHN CHENG, SINOWEST FINANCIAL
SERVICES and TCRM ADVISORS, INC.        JUNE 5, 2006

### MEMORANDUM OF LAW IN SUPPORT OF
### MOTION TO VACATE DEFAULT JUDGMENT AND
### FOR STAY OF ENFORCEMENT PROCEEDINGS

Defendants John Cheng and Sinowest Financial Services ("Sinowest"), by and through their counsel of record, submit this Memorandum of Law in Support of their Motion to Vacate the Default Judgment entered on July 22, 2005 against Mr. Cheng and Sinowest. Defendants maintain that the Default Judgment noted should be vacated pursuant to Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6). Neither Mr. Cheng nor Sinowest received the Summons and Complaint herein or received actual notice of the commencement and conduct of this action. Our clients did not receive any notice whatsoever that this matter was pending or that the Judgment had been entered until such a time as collection efforts began in April and May of 2006.

Based upon the Affidavit of Mr. Cheng and this Memorandum, the Default Judgment noted should be set aside pursuant to Fed.R.Civ.Pro. 60(b)(1) due to the inadvertent nature of the default here, as well as the Defendants' excusable neglect. Further, additional grounds to set aside the Default Judgment may be found in

Fed.R.Civ.Pro. 60(b)(6) inasmuch as our clients received no actual notice of this action or the Default Judgment application. The Default entered is inequitable in the extreme. The circumstances at hand require relief from the harsh operation of the Judgment and require as well that the Defendants be permitted the opportunity to appear, plead and to defend this matter on the merits.

**Statement of Facts**

For a recitation of the operative facts and circumstances, the Court is respectfully referred to the accompanying Affidavit of Mr. Cheng and the exhibits annexed.

## ARGUMENT

### THE DEFAULT JUDGMENT ENTERED SHOULD BE VACATED AND THE DISPUTE AT HAND DECIDED ON THE MERITS

Rule 55 [Default] provides at subsection (c) that: "For good cause shown the Court may set aside an entry of default and, if a Judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed.R.Civ.Pro. 55(c).

Rule 60 [Relief from Judgment or Order] provides at 60(b), in pertinent part, as follows:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

Defendants' application rests upon the language set forth in Rule 60(b)(1) ["mistake, inadvertence, surprise or excusable neglect"], as well as upon the broad language provided in 60(b)(6) ["any other reason justifying relief from the operation of the Judgment"].

## A. **Defaults Disfavored**

As a threshold matter, it must be noted that Motions to Vacate a Default Judgment "are addressed to the broad, equitable discretion of the Court where the default was taken." *In re Chalasani,* 92 F.3d 1300, 1307 (2d Cir. 1996). See also, *In re Suprema Specialties v. Silverman et al,* 330 B.R. 40, 44 (USDC S.D.N.Y. 2005).

In *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 96 (2d Cir. 1993) the Second Circuit addressed vacating default judgments, stating as follows:

> "Default procedures, of course, provide a useful remedy when a litigant is confronted by an obstructionist advisory. Under such circumstances those procedural rules play a constructive role in maintaining the orderly and efficient administration of justice. Yet, because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party. In other words, 'good cause' and the criteria of Rule 60(b) set aside should be construed generously."

Further, in *Enron*, the Court addressed at some length the criteria that

> "must be assessed in order to decide whether to relieve a party from default or from a default judgment. These widely accepted factors are: (1) whether the default was willful; (2) whether setting aside the default would prejudice the advisory; and, (3) whether a meritorious defense is presented. Other relative equitable factors may also be considered, for instance, whether the failure to follow a rule of procedure was a mistake and whether the entry of default would bring about a harsh or unfair result." *Enron,* at p. 96.

It is within this framework that Mr. Cheng and Sinowest request that the Court consider the Affidavit provided, vacate the default entered, and, allow the Defendants to

3

defend this matter on the merits.[1]  Further, the Defendants seek a Stay of any enforcement proceedings until such a time as this Court has had an opportunity to consider this Motion and decide this Motion.

Just as in *RCI HV v. Transtec (RC) Inc. f/k/a Roll Center, Inc.*, 2004 WL 1197246 (SDNY 2004) Mr. Cheng and Sinowest received no notice of the underlying litigation.  In *RCI*, Judge Haight considered service attempted on Transtec a corporate entity at the end of a chain of corporate transactions, predecessors, assigns and successors.[2]

In *RCI HV*, after unsuccessful efforts to serve Transtec, plaintiff filed a Motion in order to allow it to permit the alternative service of process upon Roll Center by serving the Secretary of State of the State of Indiana - Roll Center's State of incorporation.  In support of that application, RCI set forth that its efforts to otherwise serve Transtec and locate a representative upon whom service could be made had failed.  The plaintiff's application was granted and the Secretary of State of Indiana was served.

Thereafter, Transtec failed to appear and Plaintiff moved for a default reciting the measures taken to locate and serve Roll Center – efforts that ultimately resulted in service on the Indiana Secretary of State, and a later default application.  In their 60(b) motion following entry of the default, Transtec maintained that it did not receive notice and that it was denied an opportunity to respond to the allegations made.  Transtec additionally argued that the default judgment should be vacated insofar as the plaintiff's

---

1/ See *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1985) (default judgments are extreme sanctions to be used as a weapon of last resort)  In considering such motions [to vacate default judgments], all doubts must be resolved in favor of the movants. *Davis*, 713 F.2d at 915  Cf. *Sony Corp v. S.W.I. Trading, Inc.*. 104 F.R.D. 535 (S.D.N.Y 1985)  *Triad Energy Corp v. McNeill,* 110 F.R.D. 382, 384 (SDNY 1986).

"[D]efaults, as earlier explained, are particularly disfavored by the law when substantial rights are implicated, see, e.g., *Klapprott v. United States*, 335 U.S. 601, 611-12 (1949), or when substantial sums of money are demanded, see *Sony Corp.*, 800 F.2d at 320." *Enron, supra* at 97

2/ An Indiana corporation, for the times relevant herein, Roll Center, Inc. was engaged in the production and manufacture of specialty sheet metal  It was a wholly owned subsidiary of Transtec Group, Inc. [a Michigan Corporation], which was in turn a wholly owned subsidiary of Transtec PLC, a United Kingdom Corporation  In April of 2002, Roll Center was administratively dissolved by the State of Indiana for failure to pay taxes and fees  Plaintiff RCI HV was a successor in interest to H-V Roll Center, Inc and had purchased certain assets in 1998 from Roll Center.

The controversy between the parties centered on indemnification claims in connection with that Asset Purchase transaction.

4

efforts to serve them were insufficient; that Transetc's inattention to the pleading involved was inadvertent; and, that the default judgment - if permitted to stand - would have caused it to suffer extreme hardship.

In assessing the arguments made, Judge Haight examined the relationship of the parties involved, focusing on the intracompany/intercompany transactions and squabbles among the parties, and found that Plaintiff did not take all appropriate steps necessary to notify all proper parties, holding that Transtrec was not aware of the action and that the default should be vacated. The Court concluded that "[I]t is clear that the Defendant did not willfully default. To the contrary, it was never notified of the claims pending against it."

Also instructive is *Local 78, Asbestos, Lead & Hazardous Waste Laborers, AFL-CIO v. Termon Construction, Inc.*, WL 22052872 (SDNY September 2, 2003). In *Termon,* the Court considered an application by Termon to set aside a default judgment which was entered following attempted service on "Jack Brady" -- identified as a warehouse manager at Termon's corporate office in Brooklyn. Termon moved to vacate the default later entered noting that there was no employee named Jack Brady at the Termon corporate office and further that Termon did not receive the Summons and Complaint. In accessing the arguments made, the Court noted: "It is well established that default judgments are disfavored" citing to *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 16, 174 (2d Cir. 2001). The Court further noted that "motions to vacate are to be liberally construed, "with all doubts about whether to vacate the judgment resolved in favor of the moving party. *Triad Energy Corp. v. McNeil,* 110 F.R.D. 382, 384 (SDNY 1986); *Leab v. Streit,* 584 F.Supp. 748, 754 (SDNY 1984)."

The Default Judgment was vacated, but it was vacated on the grounds that valid service had never been effectuated, thus, the default judgment was void. *Termon* is,

however, instructive for the analysis provided and the Court's clear mandate that favors resolutions on the merits.

### B.   No Actual Notice of Proceedings

In examining the standards set forth above, and in reviewing Mr. Cheng's Affidavit and the documents provided, it is clear that good cause exists to vacate the Judgment at hand. Mr. Cheng and Sinowest at no time received notice of the pendency of this action and received no notice of any of the pending default applications. The resulting default judgment is a hardship in the extreme.

### C.   Stay of Enforcement Measures Warranted

Rule 62 of the Federal Rules [Stay of Proceedings to Enforce a Judgment] provides at subsection (b) as follows:

> **(b) Stay on Motion for New Trial or for Judgment.** In its discretion and on such conditions for the security of the adverse party as are proper, the court may stay the execution of or any proceedings to enforce a judgment pending the disposition of a motion for a new trial or to alter or amend a judgment made pursuant to Rule 59, or of a motion for relief from a judgment or order made pursuant to Rule 60, or of a motion for judgment in accordance with a motion for a directed verdict made pursuant to Rule 50, or of a motion for amendment to the findings or for additional finding made pursuant to Rule 52(b).

Rule 62(b) is appropriately implicated in these circumstances. The Defendants respectfully request that in the exercise of its sound discretion this Court should issue an order staying any and all enforcement measures with respect to the underlying Judgment pending its decision on this Motion.

The matter of *River Oaks Marine, Inc. v. Town of Grand Island*, 1992 WL 406813 (W.D.N.Y., Dec. 10 1992) is helpful:

> "[T]his case calls for an exercise of this Court's discretion to order a stay. ... Similarly, in *Morgan Guar. Trust Co. v. Republic of Palau*, 702 F.Supp. 60, 65 (S.D.N.Y.1988), the court explained that in deciding whether to order a stay pending appeal pursuant to Rule 60(d), the court must consider: '(1) whether the petitioner is likely to prevail on the merits of his

appeal, (2) whether, without a stay, the petitioner will be irreparably injured, (3) whether issuance of a stay will substantially harm other parties interested in the proceedings, and (4) wherein lies the public interest.' Furthermore, the Second Circuit has held that the district court may grant a stay pending appeal with no supersedes bond 'if doing so does not unduly endanger the judgment creditor's interest in ultimate recovery.' *Texaco Inc. v. Pennzoil Co.*, 784 F.2d 1133, 1155 (2d Cir. 1986), *rev'd on other grounds*, 481 U.S. 1, 107 S.Ct. 1519 (1987). <u>This Court is guided by these principles in exercising its discretion under Rule 62(b)</u>. Here, it cannot be said that defendants have no likelihood of success on their post-trial motion." *Id* at *1-2 (Emphasis added).

Upon a review of the material provided, Defendants maintain that it is clear that the Defendants are likely to succeed on their Motion to Vacate judgment - actual notice by mail, or otherwise, being absent as caused by the aftermath of September 11. As noted in the accompanying Affidavit, the return receipt card was not signed by Mr. Cheng, and no further notice of the matter was provided to him based on his relocation in 2002 from New York to New Jersey. Additionally, the mailing address was defective insofar as it lacked a Suite designation. No actual notice was given prior to entry of the default judgment.

Further, in the absence of the relief requested, the Defendants are exposed to enforcements measures in the form of levies, garnishments, etc. – all based on a matter that the Defendants have not has the opportunity to defend or an opportunity to address on the merits. A meritorious defense has been – and can be – set forth. The equitable remedy of a stay is the only adequate measure available to cease these collection efforts so this matter can be defended and proceed in the normal course.

Lastly, Plaintiffs are unlikely to be able to demonstrate that harm will be done to them by virtue of such a temporary stay pending adjudication on the motion to vacate judgment. The interests of justice and fairness cannot be served by the continued implementation and consequences of the Default Judgment referenced.

## CONCLUSION

It is respectfully requested that the Court vacate the Default Judgment entered against Mr. Cheng and Sinowest Financial Services pursuant to Fed.R.Civ.Pro. 60(b)(1) and 60(b)(6). The Default Judgment noted operates as a harsh and burdensome measure based on the circumstances set forth, as well as the equitable consideration of the lack of any knowledge or notice whatsoever of this matter until May of 2006. Certainly, great weight and consideration should be given to this Circuit's clear mandate and preference to have matters decided on the merits rather than by operation of a default.

Further, it is requested that the Court issue an Order staying any and all enforcement proceedings as it relates to Mr. Cheng and Sinowest Financial Services until such a time as this Motion has been decided, and that this Stay issue without the requirement of any bond or security. Certainly, no prejudice will result: interest will continue to accrue and Plaintiffs will be free to pursue enforcement proceedings thereafter should the Court not grant the Motion made.

Dated: June 6, 2006

                                      JOHN CHENG AND
                                      SINOWEST FINANCIAL SERVICES,

By: _/s/ Michael K. Stanton, Jr._
Stephen P. Fogerty (ct01398)
Michael K. Stanton, Jr. (ct08916)
HALLORAN & SAGE LLP
315 Post Road West
Westport, CT 06880
Tel: 203-227-2855
Fax: 203-227-6992

8

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid; was faxed, and was forwarded by e-mail to the counsel listed below on June 6, 2006:

Madeleine F. Grossman, Esq.
Frank Silvestri, Jr., Esq.
Levett Rockwood P.C.
33 Riverside Avenue
Westport, CT 06881
fsilvestri@levettrockwood.com
Tel. No.: (203) 222-0885
Fax No.: (203) 226-8025

Kenneth Sussmane, Esq.
McCue, Sussmane & Zapfel
521 Fifth Avenue - 28th Floor
New York, NY 10175
ksussmane@mszpc.com
Tel. No.: (212) 931-5500
Fax No.: (212) 931-5508

Paul J. Hyams, Esq.
25 Wilshire Drive
Delmar, NY 12054
paul@hyams-law.com
Tel. No.: (518) 935-4659
Fax No.: (518) 475-9298

Christopher L. Brigham, Esq.
Updike, Kelly & Spellacy
265 Church Street
New Haven, CT 06510
cbrigham@uks.com
Tel. No.: (203) 786-8310
Fax No.: (203) 772-2037

William H. Champlin, III, Esq.
Tyler, Cooper & Alcorn
185 Asylum Street
Hartford, CT 06103
champlin@tylercooper.com
Tel. No.: (860) 725-6206
Fax No.: (860) 278-3802

Frank G. Usseglio, Esq.
Kenny, O'Keefe & Usseglio, PC
21 Oak Street – Suite 208
Hartford, CT 06106
fusseglio@kou-law.com
Tel. No.: (860) 246-2700
Fax No.: (860) 246-6480

Francis Donnarumma
100 Grand Street – Suite 2F
Waterbury, CT 06702
fdonnarumma@snet.net
Tel. No.: (203) 759-1002
Fax No.: (203) 759-1607

Scott S. McKessy, Esq.
Reed Smith LLP
599 Lexington Avenue – 29th Floor
New York, NY 10022
smckessy@reedsmith.com
Tel. No.: (212) 521-5421
Fax No.: (212) 521-5450

_____
Michael K. Stanton, Jr.

837431v 1

9