# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ------------------------------------------------------------- | : | CIVIL ACTION |
| OLD REPUBLIC NATIONAL TITLE | : | CASE NO.3:01-CV-1772(SRU) |
| INSURANCE COMPANY and OLD REPUBLIC | : | |
| NATIONAL TITLE INSURANCE COMPANY as | : | |
| Subrogee of Eastern Savings Bank, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| BANK OF EAST ASIA LIMITED, M. DEAN | : | |
| MONTGOMERY, ESQ., BENTLEY, MOSHER, | : | |
| BABSON & LAMBERT, P.C., MARGARET L. | : | |
| LEE, JOHN CHENG, SINOWEST FINANCIAL | : | |
| SERVICES, TCRM ADVISORS, INC. and TCRM | : | |
| COMMERCIAL CORP., | : | |
| | : | |
| Defendants. | : | JULY 6, 2006 |
| ------------------------------------------------------------- | | |

## MEMORANDUM IN OPPOSITION TO MOTION TO
## VACATE DEFAULT JUDGMENT AND FOR STAY OF ENFORCEMENT

### INTRODUCTION

The plaintiffs, Old Republic National Title Insurance Company and Old Republic

National Title Insurance Company as Subrogee of Eastern Savings Bank (collectively "Old

Republic"), submit this memorandum in opposition to the motion of the defendants John Cheng

("Cheng") and Sinowest Financial Services ("Sinowest") to vacate the default judgment against

them and to stay enforcement of that judgment.  The evidence is that Cheng and Sinowest were

properly served, but ignored this proceeding until Old Republic located assets belonging to them

and attempted to enforce its judgment.

BACKGROUND

Old Republic paid $975,000 to Eastern Savings Bank under a title policy issued for a mortgage loan which had been obtained with a forged power of attorney. Old Republic commenced this lawsuit to recover the payment from those who caused the loss. The defendants included Margaret Lee ("Lee"), who forged her sister's signature on the power of attorney and the endorsements of the checks used to transfer the loan proceeds, and pled guilty to a federal crime. In her statement to the F.B.I., she implicated Cheng and Sinowest in the fraudulent scheme as co-conspirators. In addition to Lee, the defendants in this action were Cheng, Sinowest, Bank of East Asia Limited which had negotiated the checks with the forged endorsements, the Connecticut lawyers representing Eastern Savings Bank in the mortgage loan transaction, and TCRM Advisors, a mortgage broker involved in the fraudulent transaction.

Old Republic commenced this action in September 2001. Old Republic served Cheng and Sinowest in accordance with the Connecticut statute governing service on non-resident individuals and voluntary associations, Conn. Gen. Stat. § 52-59b, by having a marshal serve the Secretary of State and then send the summons and complaint by certified mail, return receipt requested, to these defendants' last known address on Elizabeth Street in New York City. The marshal subsequently received signed and dated copies of the return receipts. Also in September 2001, two attorneys representing Old Republic sent their appearances by regular mail to Cheng and Sinowest at the Elizabeth Street address. Those appearances were never returned as undeliverable. [See the Declaration of Frank J. Silvestri which accompanies this memorandum ("Silvestri Decl."), ¶¶ 3-4.]

The defendants other than Lee, Cheng and Sinowest appeared and defended. After substantial motion practice and discovery, Old Republic reached a settlement agreement with Bank of East Asia, the Connecticut lawyers and the mortgage broker. In January 2005, Old Republic dismissed this action as to them.

Old Republic had received a default against Lee in March 2003. In May 2005, Old Republic moved to default Cheng and Sinowest for their failure to appear. The motions were mailed to Cheng and Sinowest at the Elizabeth Street address. Once again, the mailings were not returned to the sender as undeliverable. [Silvestri Decl., ¶ 5.] Default entered against Cheng and Sinowest on May 12, 2005. On June 8, 2005, Old Republic moved for default judgment. Again, the motion was mailed to Cheng and Sinowest at the Elizabeth Street address and was never returned to the sender by the post office. [Silvestri Decl., ¶ 6.] The Court entered judgment against Cheng and Sinowest on July 22, 2005. It was not until 10 months later, after Old Republic located and attempted to levy on a bank account belonging to Cheng in New Jersey, that Cheng and Sinowest appeared and filed their pending motion.

<u>ARGUMENT</u>

Cheng and Sinowest seek relief pursuant to Fed. R. Civ. P. 60(b)(1) and (6), claiming that their default was inadvertent, their neglect excusable and that equity requires setting aside the judgment. Their arguments are based entirely on a claim that they had no notice of the underlying litigation until May 2006. On the undisputed record, that claim is neither credible nor legally sufficient, and the motion should be denied.

In September 2001, Old Republic served Cheng and Sinowest in accordance with Fed. R. Civ. P. 4(e)(1), by effecting service pursuant to the laws of Connecticut for the service of a summons upon a defendant in an action brought in its courts of general jurisdiction.  Pursuant to Conn. Gen. Stat. § 52-59b, Old Republic served these defendants by serving the Secretary of State, and sending the summons and complaint by certified mail to the address at which they admit they maintained their place of business at the relevant time.  [Affidavit of John Cheng submitted in support of the defendants' motion at paragraphs 5 and 6.]  Old Republic subsequently received signed return receipts.  [Silvestri Decl. ¶ 3.]

It is not sufficient for the defendants merely to assert that they never received notice of the lawsuit and that the signatures on the return receipts are not those of Cheng.  The defendants admit that the address is correct.  Someone signed the return receipts.

As the Connecticut Supreme Court recently noted when confronted with a claim like the defendants':

> [W]e cite the maxim that "[c]ommon sense is not to be left at the courthouse door."  (Internal quotation marks omitted.)  Weinstein v. Weinstein, 275 Conn. 671, 700, 882 A. 2d 53 (2005).  The trial court reasonably could have inferred that an individual ordinarily would not sign a return receipt for an envelope if the individual had no connection to the addressee.  In this case, in which the court had before it evidence of certified mail delivery to the defendant properly addressed to the secretary of the corporation, and receipt of the papers by an individual there who evidenced that receipt by signing the return receipt card, we cannot conclude that the trial court's finding of actual notice is clearly erroneous.

Reiner, Reiner and Bendett, P.C. v. The Cadle Company, 278 Conn. 92, 112 (2006).  See also, Yan v. Bocar, 2005 WL 3005338 (S.D.N.Y. 2005) ("Where service is made by certified or registered mail, New York law presumes defendant's receipt of process even though the signature on the signed and dated return receipt is someone other than the defendant's.");

Winfield v. C&C Trucking, 2003 WL 21749610 (S.D.N.Y. 2003) ("So long as a return receipt is correctly addressed to defendants, signed and dated, it is immaterial that it has been signed by a third party.").

The presumption that the defendants received the summons and complaint in this action is further supported by the fact that additional mailings to the defendants at the same address in both 2001 and 2005 were not returned to the sender as undeliverable. To credit Cheng's claims would require the Court to assume a very high level of unreliability by the postal service in connection with both the certified and the regular mail.

The cases cited by the defendants involve very different facts. In RCI HV, Inc. v. Transtec (RC) Inc., 2004 WL 1197246 (S.D.N.Y. 2004), the plaintiff appeared to have intentionally acted to prevent proper notice to the defendant, a dissolved corporation. The plaintiff avoided giving notice of the lawsuit to the defendant's parent corporation with which the plaintiff had been discussing the very claim underlying the lawsuit. The plaintiff then misled the court by representing that it had taken all reasonable steps but could not locate the defendant. In contrast, in this case there is no suggestion that Old Republic acted improperly or did not make appropriate efforts to provide notice.

Similarly, Local 78, Asbestos, Lead & Hazardous Waste Laborers, AFL-CIO v. Termon Construction, Inc., 2003 WL 22052872 (S.D.N.Y. 2003) bears little resemblance to this case. In Local 78 the plaintiff's process server claimed he had made personal service on an individual who was identified in the return of service by name and position. The defendant proved that it

had no such employee.  The plaintiff made no effort to support the accuracy of the process server's Affidavit of Service.

The Second Circuit has established three criteria to be assessed in deciding whether to relieve a party from a default or default judgment.  The criteria are applied more rigorously in cases, like this one, which have proceeded to a default judgment.  The factors are:  (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented.  Enron Oil Corp. v. Diakuhara, (10 F.3d 90, 96 (2d Cir. 1993).

First, if, as the evidence suggests, Cheng was on notice of the lawsuit, his default plainly was willful.  Second, there is little question that Old Republic would be prejudiced by having to proceed anew against Cheng after its extensive discovery and other proceedings with the settling defendants.  In addition, the passage of time creates significant problems of proof.  For example, Lee is a critical witness who previously cooperated with the F.B.I.  Even if she can now be found — and Old Republic has no information about her current location — the possibility for further collusion between her and Cheng is increased since she has already finished serving her sentence and been released.  [Silvestri Decl., ¶ 7.]  See Wright, Miller & Kane Federal Practice and Procedure:  Civil 3d § 2699; Powerserve International, Inc. v. Lavi, 239 F.3d 508, 515 (2d Cir. 2001).

Finally, Cheng must present evidence which "if proven at trial, would constitute a *complete* defense."  Enron Oil Corp. v. Diakuhara, supra, 10 F.3d at 98 (emphasis added).  Here, Cheng admits he attended the closing of the fraudulent transaction, and admits he received a

"fee" from "the borrower" (presumably Lee). In other words, Cheng admits that, at the very least, he received some portion of the proceeds of the fraudulent transaction. This is not a complete defense.

While Old Republic contends that the motion should be denied on the basis of the existing record, should the Court disagree, Old Republic requests discovery on the issues relating to the motion and the opportunity to address it further.

<u>CONCLUSION</u>

For the foregoing reasons, the motion of Cheng and Sinowest to vacate the default judgment against them should be denied. In the alternative, the Court should allow discovery on the issues raised by the motion and allow further evidentiary submissions based thereon.

Respectfully submitted,


By /s/ Frank J. Silvestri, Jr.
    Frank J. Silvestri, Jr., Esq.
    Federal Bar No: ct05367
    LEVETT ROCKWOOD P.C.
    33 Riverside Avenue
    P.O. Box 5116
    Westport, CT 06881
    Telephone: (203) 222-0885
    Facsimile: (203) 226-8025

    Attorney for Plaintiffs

## CERTIFICATION

This is to certify that a true and correct copy of the foregoing was mailed, First Class

Mail, postage pre-paid, on this the 6th day of July, 2006, to the following counsel of record:

William Champlin, III, Esq.
Tyler, Cooper & Alcorn
CityPlace – 35th Floor
185 Asylum Street
Hartford, CT  06103-3488

Francis M. Donnarumma, Esq.
100 Grand Street, Suite 2F
Waterbury, CT  06702

Scott S. McKessy, Esq.
Reed Smith LLP
599 Lexington Avenue, 29th Floor
New York, NY  10022

Kenneth S. Sussmane, Esq.
Sussmane & Zapfel, P.C.
521 Fifth Avenue, 28th Floor
New York, NY  10175

Christopher L. Brigham, Esq.
Updike, Kelly & Spellacy, P.C.
One Century Tower
265 Church Street
New Haven, CT  06510

Stephen P. Fogerty, Esq.
Michael K. Stanton, Jr., Esq.
Halloran & Sage LLP
315 Post Road West
Westport, CT  06880

/s/ Frank J. Silvestri, Jr.
Frank J. Silvestri, Jr.

121835

-8-