UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| OLD REPUBLIC NATIONAL TITLE : <br> INSURANCE COMPANY and OLD REPUBLIC : <br> NATIONAL TITLE INSURANCE COMPANY as : <br> Subrogee of Eastern Savings Bank, : <br>     : <br> Plaintiffs, : <br>     : <br> v.   : <br>     : <br> BANK OF EAST ASIA LIMITED, M. DEAN : <br> MONTGOMERY, ESQ., BENTLEY, MOSHER, : <br> BABSON & LAMBERT, P.C., MARGARET L. : <br> LEE, JOHN CHENG, SINOWEST FINANCIAL : <br> SERVICES, TCRM ADVISORS, INC. and TCRM : <br> COMMERCIAL CORP., : <br>     : <br> Defendants. : | CIVIL ACTION <br> CASE NO.3:01-CV-1772(SRU) <br><br><br><br><br><br><br><br><br><br><br><br><br><br> JULY 6, 2006 |

---

## DECLARATION OF FRANK J. SILVESTRI, JR.

1.      I am a member of the firm of Levett Rockwood P.C., and am counsel to the plaintiffs in this action, Old Republic National Title Insurance Company and Old Republic National Title Insurance Company as Subrogee of Eastern Savings Bank (collectively "Old Republic"), and I am providing this Declaration in support of their opposition to the motion of the defendants John Cheng ("Cheng") and Sinowest Financial Services ("Sinowest"), to vacate the default judgment against them.

2.      This Declaration is based on my personal knowledge and, where indicated, on the regularly kept business records of my law firm.

3. My firm's file indicates that in September 2001 Old Republic served Cheng and Sinowest with the Summons and Complaint in this action by having a marshal serve the Secretary of State and then send the Summons and Complaint by certified mail return receipt requested to these defendants at their last known address on Elizabeth Street in New York City. The marshal subsequently received the signed and dated return receipts, copies of which are annexed as Exhibit E to the Affidavit of John Cheng dated June 5, 2006, filed in support of the motion to vacate.

4. My firm's file further indicates that in September 2001, two attorneys representing Old Republic, Joseph Hutchison and Marie Casper, sent copies of their appearances in this matter by regular mail to Cheng and Sinowest at the Elizabeth Street address. The attorneys also sent their appearances to Cheng at another address on East 30th Street in Manhattan. The mailing to East 30th Street was returned as undeliverable. The mailings to Elizabeth Street were not returned.

5. In May 2005, Old Republic moved to default Cheng and Sinowest for their failure to appear. Copies of those motions (without exhibits) are attached as Exhibits A and B. I caused the motions to be mailed to Cheng and Sinowest at the Elizabeth Street address. The mailings were not returned as undeliverable.

6. In June 2005, Old Republic moved for default judgment. A copy of that motion (without exhibits) is attached as Exhibit C. Again, I caused the motion to be mailed to Cheng and Sinowest at the Elizabeth Street address. The mailing was not returned as undeliverable.

7. Public records available on the website of the United States Bureau of Prisons, *www.bop.gov*, indicate that Margaret Lee, who was convicted of a federal crime in connection

with the transactions underlying this matter, was released from custody on September 29, 2000. Her term of supervised release as provided in her sentence expired no later than September 29, 2005. We have no information about her current location.

I declare under penalties of perjury that the foregoing is true and correct.

Executed on July 6, 2006.

/s/ Frank J. Silvestri, Jr.
Frank J. Silvestri, Jr.

## CERTIFICATION

This is to certify that a true and correct copy of the foregoing was mailed, First Class Mail, postage pre-paid, on this the 6th day of July, 2006, to the following counsel of record:

William Champlin, III, Esq.
Tyler, Cooper & Alcorn
CityPlace – 35th Floor
185 Asylum Street
Hartford, CT 06103-3488

Francis M. Donnarumma, Esq.
100 Grand Street, Suite 2F
Waterbury, CT 06702

Scott S. McKessy, Esq.
Reed Smith LLP
599 Lexington Avenue, 29th Floor
New York, NY 10022

Kenneth S. Sussmane, Esq.
Sussmane & Zapfel, P.C.
521 Fifth Avenue, 28th Floor
New York, NY 10175

Christopher L. Brigham, Esq.
Updike, Kelly & Spellacy, P.C.
One Century Tower
265 Church Street
New Haven, CT 06510

Stephen P. Fogerty, Esq.
Michael K. Stanton, Jr., Esq.
Halloran & Sage LLP
315 Post Road West
Westport, CT 06880

/s/ Frank J. Silvestri, Jr.
Frank J. Silvestri, Jr.

122179

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY and OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY as Subrogee of Eastern Savings Bank, | CIVIL ACTION CASE NO. 3:01-CV-1772(SRU) |
| Plaintiffs, | |
| v. | |
| BANK OF EAST ASIA LIMITED, M. DEAN MONTGOMERY, ESQ., BENTLEY, MOSHER, BABSON & LAMBERT, P.C., MARGARET L. LEE, JOHN CHENG, SINOWEST FINANCIAL SERVICES, TCRM ADVISORS, INC. and TCRM COMMERCIAL CORP., | |
| Defendants. | MAY 5, 2005 |

---

## PLAINTIFFS' MOTION TO DEFAULT DEFENDANT JOHN CHENG FOR FAILURE TO APPEAR

Plaintiffs Old Republic National Title Insurance Company ("Old Republic") and Old Republic, as Subrogee of Eastern Savings Bank (collectively referred to hereinafter as "Plaintiffs") hereby move pursuant to Rule 55 (a) of the Federal Rules of Civil Procedure that a default enter against defendant John Cheng ("Cheng") for failure to appear in this action and further represents as follows:

1. As shown by the return of service attached on file in this action and attached as Exhibit 1, Cheng was duly served with the summons and complaint on September 20, 2001, but no appearance has been entered on his behalf.

2. To the best of Plaintiff's knowledge and belief, as set forth in the attached Declaration of John T. Carroll (Exhibit 2), Cheng is not a member of the United States military.

PLAINTIFFS
OLD REPUBLIC NATIONAL TITLE
INSURANCE COMPANY

By: /s/ Frank Silvestri
Frank J. Silvestri, Jr., Esq.
Federal Bar No: ct05367
Madeleine F. Grossman, Esq.
Federal Bar No.: ct05987
LEVETT ROCKWOOD P.C.
33 Riverside Avenue
P.O. Box 5116
Westport, CT 06881
Telephone: (203) 222-0885
Facsimile: (203) 226-8025

## CERTIFICATION

This is to certify that a true and correct copy of the foregoing was mailed, First Class Mail, postage pre-paid, on this the 5th day of May, 2005, to the following counsel of record:

William Champlin, III, Esq.
Tyler, Cooper & Alcorn
CityPlace – 35th Floor
185 Asylum Street
Hartford, CT 06103-3488

Francis M. Donnarumma, Esq.
100 Grand Street, Suite 2F
Waterbury, CT 06702

Scott S. McKessy, Esq.
Reed Smith LLP
599 Lexington Avenue, 29th Floor
New York, NY 10022

Kenneth Sussmane, Esq.
Sussmane & Zapfel
1065 Avenue of the Americas, 11th Floor
New York, NY 10018

Christopher L. Brigham, Esq.
Updike, Kelly & Spellacy, P.C.
One Century Tower
265 Church Street
New Haven, CT 06510

John Cheng
c/o Sinowest Financial Services
40 Elizabeth Street
New York, New York 10013

*Frank J. Silvestri* (signature)
Frank J. Silvestri

94747

```
```

**EXHIBIT B**

Case 3:01-cv-01772-SRU    Document 128-2    Filed 07/06/2006    Page 9 of 18

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY and OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY as Subrogee of Eastern Savings Bank, | CIVIL ACTION CASE NO. 3:01-CV-1772(SRU) |
| Plaintiffs, | |
| v. | |
| BANK OF EAST ASIA LIMITED, M. DEAN MONTGOMERY, ESQ., BENTLEY, MOSHER, BABSON & LAMBERT, P.C., MARGARET L. LEE, JOHN CHENG, SINOWEST FINANCIAL SERVICES, TCRM ADVISORS, INC. and TCRM COMMERCIAL CORP., | |
| Defendants. | MAY 5, 2005 |

---

**PLAINTIFFS' MOTION TO DEFAULT DEFENDANT
SINOWEST FINANCIAL SERVICES FOR FAILURE TO APPEAR**

Plaintiffs Old Republic National Title Insurance Company ("Old Republic") and Old Republic, as Subrogee of Eastern Savings Bank (collectively referred to hereinafter as "Plaintiffs") hereby move pursuant to Rule 55 (a) of the Federal Rules of Civil Procedure that a default enter against defendant Sinowest Financial Services ("Sinowest") for failure to appear in this action.

As shown by the return of service on file in this action, a copy of which is attached as Exhibit 1, Sinowest was duly served with the summons and complaint on September 20, 2001, but no appearance has been entered on its behalf.

PLAINTIFFS
OLD REPUBLIC NATIONAL TITLE
INSURANCE COMPANY

By: *[signature]*
Frank J. Silvestri, Jr., Esq.
Federal Bar No: ct05367
Madeleine F. Grossman, Esq.
Federal Bar No.: ct05987
LEVETT ROCKWOOD P.C.
33 Riverside Avenue
P.O. Box 5116
Westport, CT 06881
Telephone: (203) 222-0885
Facsimile: (203) 226-8025

## CERTIFICATION

This is to certify that a true and correct copy of the foregoing was mailed, First Class Mail, postage pre-paid, on this the 5th day of May, 2005, to the following counsel of record:

William Champlin, III, Esq.
Tyler, Cooper & Alcorn
CityPlace – 35th Floor
185 Asylum Street
Hartford, CT 06103-3488

Francis M. Donnarumma, Esq.
100 Grand Street, Suite 2F
Waterbury, CT 06702

Scott S. McKessy, Esq.
Reed Smith LLP
599 Lexington Avenue, 29th Floor
New York, NY 10022

Kenneth Sussmane, Esq.
Sussmane & Zapfel
1065 Avenue of the Americas, 11th Floor
New York, NY 10018

Christopher L. Brigham, Esq.
Updike, Kelly & Spellacy, P.C.
One Century Tower
265 Church Street
New Haven, CT 06510

Sinowest Financial Services
40 Elizabeth Street
New York, New York 10013

Frank J. Silvestri

94751

**EXHIBIT C**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY and OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY as Subrogee of Eastern Savings Bank, | : CIVIL ACTION CASE NO.<br>: 3:01-CV-1772(SRU)<br>: |
| Plaintiffs, | : |
| v. | : |
| BANK OF EAST ASIA LIMITED, M. DEAN MONTGOMERY, ESQ., BENTLEY, MOSHER, BABSON & LAMBERT, P.C., MARGARET L. LEE, JOHN CHENG, SINOWEST FINANCIAL SERVICES, TCRM ADVISORS, INC. and TCRM COMMERCIAL CORP., | : |
| Defendants. | : JUNE 8, 2005 |

---

**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS
JOHN CHENG AND SINOWEST FINANCIAL SERVICES**

Plaintiffs Old Republic National Title Insurance Company ("Old Republic") and Old Republic, as Subrogee of Eastern Savings Bank (collectively referred to hereinafter as "Plaintiffs") hereby move, pursuant to Rule 55 (b) of the Federal Rules of Civil Procedure and upon the Declaration of John T. Carroll attached as Exhibit A, that a default judgment enter against the defendants John Cheng ("Cheng") and Sinowest Financial Services ("Sinowest") (collectively referred to hereinafter as "Defendants"). In support of this motion, Plaintiffs represent as follows:

1. A default entered against Defendants in this action by orders dated May 12, 2005. Copies of the orders are attached as Exhibit B.

2. The claim against Defendants for fraudulent and negligent misrepresentation and violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), codified at §§ 42-110a et seq. of the Connecticut General Statutes, is in the amount of $1,284,390.00, which is calculated as follows:

   a. <u>Actual Damages</u>- As set forth in the Carroll Declaration, on September 7, 1999, Old Republic Title Insurance Company paid Eastern Savings Bank $975,000 in settlement of the claim made by Eastern Savings Bank on the title insurance policy. In December 2004, Plaintiffs entered into a settlement agreement with Defendants Bank of East Asia Limited, M. Dean Montgomery, Esq., Bentley, Mosher, Babson & Lambert, P.C., People's Bank and TCRM Advisors, Inc., whereby Plaintiffs were to receive an aggregate payment of $750,000 no later than January 14, 2005 (the "Settlement Due Date"). Plaintiffs subsequently received the payment of $750,000 by the Settlement Due Date, and now seek actual damages in the amount of $225,000.

   b. <u>Prejudgment Interest</u>- Plaintiffs are entitled to prejudgment interest at a rate of 10% pursuant to Conn. Gen. Stat. § 37-3a, in a total amount of $531,404.34, calculated as follows:

      i. For the period up to the Settlement Due Date, September 7, 1999 to January 14, 2005, 10% of $975,000, which is $97,500 per year or $267.12 per day, multiplied by 5 years and 128 days, resulting in interest due in the amount of $522,219.98; and

      ii. For the period after the Settlement Due Date, January 14, 2005 to June 10, 2005, 10% of $225,000, which is $22,500 per year or $61.64 per

day, multiplied by 149 days, resulting in interest due in the amount of $9184.36.

3. Plaintiffs also seek an award of punitive damages as permitted under § 42-410g (a). Defendants' instigation of and extensive involvement in the fraudulent loan transaction, as substantiated at pages B0065-70 of the FBI report attached as Exhibit 1 to the Carroll Declaration, evidences Defendants' willful and knowing intent to deceive and defraud Plaintiffs. Defendants' intentional conduct in violation of CUTPA entitles Plaintiffs to recover punitive damages. *See Gervais v. O'Connell, Harris & Associates, Inc.*, 297 F. Supp. 2d 435, 440 (D. Conn. Dec. 23, 2003) (finding defendants' willful deception warranted an award of punitive damages under CUTPA in amount equal to twice plaintiff's actual damages.)

4. A reasonable measure of punitive damages is the amount of the expenses Plaintiffs have incurred in pursuing this litigation, including attorneys' and experts' fees and disbursements. Although CUTPA allows for a separate award of attorneys' fees and reasonable costs under §42-110g (d), such fees must be allocable to the CUTPA claim. *See Fabri v. United Technologies Int'l, Inc.*, 387 F.3d 109, 128-130 (2d Cir. 2004). Plaintiffs cannot allocate any time spent litigating its CUTPA claims against Defendants, because Defendants failed to appear in this action. Nonetheless, Plaintiffs have incurred expenses in the amount of $527,985.66 as a direct result of the fraudulent mortgage loan transaction instigated by Defendants' fraud and unfair trade practices, a detailed calculation of which is included in Exhibit 2 to the Carroll Declaration.

Wherefore, Plaintiffs move that a default judgment enter against Defendants as follows:

| | |
|---|---|
| Actual Damages | $   225,000.00 |
| Prejudgment Interest | 531,404.34 |
| Punitive Damages | 527,985.66 |
| Total | $ 1,284,390.00 |

PLAINTIFFS
OLD REPUBLIC NATIONAL TITLE
INSURANCE COMPANY

By: /s/ Frank J. Silvestri
Frank J. Silvestri, Jr., Esq.
Federal Bar No: ct05367
Madeleine F. Grossman, Esq.
Federal Bar No.: ct05987
LEVETT ROCKWOOD P.C.
33 Riverside Avenue
P.O. Box 5116
Westport, CT 06881
Telephone: (203) 222-0885
Facsimile: (203) 226-8025

## CERTIFICATION

This is to certify that a true and correct copy of the foregoing was mailed, First Class Mail, postage pre-paid, on this the 8th day of June, 2005, to the following counsel of record:

William Champlin, III, Esq.
Tyler, Cooper & Alcorn
CityPlace – 35th Floor
185 Asylum Street
Hartford, CT 06103-3488

Francis M. Donnarumma, Esq.
100 Grand Street, Suite 2F
Waterbury, CT 06702

Scott S. McKessy, Esq.
Reed Smith LLP
599 Lexington Avenue, 29th Floor
New York, NY 10022

Kenneth Sussmane, Esq.
Sussmane & Zapfel
521 5th Avenue, 28th Floor
New York, NY 10175-2199

Christopher L. Brigham, Esq.
Updike, Kelly & Spellacy, P.C.
One Century Tower
265 Church Street
New Haven, CT 06510

John Cheng
c/o Sinowest Financial Services
40 Elizabeth Street
New York, New York 10013

Sinowest Financial Services
40 Elizabeth Street
New York, New York 10013

Frank J. Silvestri

100614