UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

OLD REPUBLIC NATIONAL TITLE
INSURANCE COMPANY, and OLD
REPUBLIC NATIONAL TITLE
INSURANCE COMPANY as
Subrogee of Eastern Savings Bank                3:01 CV. 1772 (SRU)

vs.

BANK OF EAST ASIA LIMITED,
M.DEAN MONTGOMERY, ESQ.,
BENTLEY, MOSHER, BABSON
& LAMBERT, P.C., MARGARET L. LEE,
JOHN CHENG, SINOWEST FINANCIAL
SERVICES and TCRM ADVISORS, INC.          JULY 24, 2006

## REPLY TO MEMORANDUM IN OPPOSITION TO MOTION TO VACATE

Defendants John Cheng and Sinowest Financial Services ("Sinowest") submit the following Reply to the Opposition papers served in response to the Cheng and Sinowest Motion to Vacate Default Judgment. Contrary to the arguments advanced by Old Republic National Title Insurance Company ("Old Republic"), Cheng and Sinowest did not receive notice of this proceeding, and most certainly did not ignore it until such a time as Old Republic had located certain assets. Based on the record at hand; based on the Affidavit of John Cheng; and, based on the accompanying Certification of Ronald Reba, it is most certainly not plain, or even arguable, that this matter has been ignored.

### A.    Silvestri Declaration Unpersuasive

In support of the opposition, Old Republic submits a declaration by its counsel, Frank J. Silvestri, Jr. In it, he recites those efforts made to effect service on Mr. Cheng and on Sinowest – those efforts being limited to certified mail, return receipt request mailing in September of 2001. He further indicates that certain papers were forwarded

to Mr. Cheng and to Sinowest by mail at 14 Elizabeth Street in New York City. See Paragraphs 3 and 4 of the Silvestri Declaration.

At no point does the Declaration rebut or otherwise contend with the factual assertion by Mr. Cheng that an appropriate suite number was required for mail to be delivered, or that his office did not receive mail for the period in question due to complications, restrictions and closed areas following the September 11, 2001 attack on the World Trade Center. Also, noticeably absent from the Declaration is any effort whatsoever by Old Republic to seek out or locate Mr. Cheng by means other than U.S. Mail. There is no reference to the use of an investigator, or any reference to an attempt to forward mail to him at "his usual place of abode." Counsel's recitation as to what mail was forwarded to an incomplete address five years ago, combined with the absence of any efforts to locate him personally – either in New York or at his home – is ineffective to rebut Mr. Cheng's Affidavit.

Further, in his Declaration, counsel makes reference to Margaret Lee, a convicted felon whose unsubstantiated Proffer Statement to the FBI has formed the basis of Old Republic's efforts to collect against Mr. Cheng. Certainly, Mr. Cheng and Sinowest are ready and anxious to defend the claims set forth against them should the Court grant their motion. The opportunity to address Ms. Lee's allegations – offered as they invariably were in an effort to limit her prison time – is of paramount importance to our clients.

B.  **Legal Arguments**

In its Memorandum, Old Republic maintains that it served Cheng and Sinowest "in accordance with Fed. R. Civ. P. 4(e)(1) by effecting service pursuant to the laws of Connecticut for the service of a Summons upon a defendant in an action brought in its

courts of general jurisdiction." Rule 4(e) [Service Upon Individuals Within a Judicial District of the United States] provides in pertinent part as follows:

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any Judicial District of the United States:
>
> (1) "Pursuant to the law of the state in which the District Court is located, or in which service is effected, for the service of a Summons upon the Defendant in an action brought in the courts of general jurisdiction of the state ..."

The analysis, therefore, turns to applicable service provisions in the State of Connecticut as well as in the State of New York.

Section 52-57a of the Connecticut General Statutes annotated [Service or Process Without State Upon Persons Domiciled or Subject to Jurisdiction of Courts in State] provides in pertinent part as follows:

> "A person domiciled in or subject to the jurisdiction of the Courts of this state or his executor or administrator, may be served with process without the state, in the same manner as services made within the state, by any person authorized to make service by the laws of the state, territory, possession or country in which service to be made or by any duly qualified attorney, solicitor, barrister or equivalent in such jurisdiction."

Section 52-59b of the Connecticut General Statutes [Jurisdiction of Courts Over Non-Resident Individuals, Foreign Partnerships and Foreign Voluntary Associations. Service of process] provides in pertinent part at subsection (c) as follows:

> "Any non-resident individual ... over whom a Court may exercise personal jurisdiction ... shall be deemed to have appointed the Secretary of the State as its attorney and to have agreed that any process in any civil action brought against the non-resident individual ... may be served upon the Secretary of the State and shall have the same validity as if served upon the non-resident individual ... The process shall be served by the officer to whom the same is directed upon the Secretary of the State by leaving with or at the office of the Secretary of the State, at least twelve (12) days before the return day of such process, a true and attested copy thereof, and by sending to the Defendant at the Defendant's last-known address, by registered or certified mail, postage prepaid, return receipt requested, alike true and attested copy with an endorsement thereon of the service upon the Secretary of the State."

3

There can be no argument that Mr. Cheng was not served in accordance with C.G.S. 52-57a. No effort whatsoever is evident that service was even attempted at his usual place of abode. Further, Old Republic's 52-59b service is suspect insofar as the last-known address utilized was an incomplete office address – a service method most clearly *not* calculated to give Mr. Cheng notice of this action.

Old Republic maintains that service was made in accordance with Connecticut General Statutes Section 52-59b. Since Connecticut service methodology was utilized, we will not discuss those service provisions available pursuant to New York Law other than to set forth below the text of CPLR Section 308.[1]

It is clear, that the actions taken by Old Republic – do not comply with Connecticut General Statutes Section 52-57a or CPLR Section 308.

---

1/ New York Civil Practice Laws and Rule Section 308 [Personal Service upon a Natural Person] allows for the following methods of service:

Personal service upon a natural person shall be made by any of the following methods:

1. by delivering the summons within the state to the person to be served; or

2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later; service shall be complete ten days after such filing; proof of service shall identify such person of suitable age and discretion and state the date, time and place of service . . . ; or

3. by delivering the summons within the state to the agent for service of the person to be served as designated under rule 318 . . .;

4. where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such affixing and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such affixing or mailing, whichever is effected later; service shall be complete ten days after such filing . . .

### Receipt Card Argument Unavailing

Old Republic maintains that it has received "signed return receipts" [see Declaration at Paragraph 3], but fails to recognize in any way that Mr. Cheng has sworn that it is <u>not</u> his signature, nor any intelligible mark he recognizes or knows. Plus, an examination of the signature offered by Mr. Cheng on his Affidavit as compared to the signature card provided plainly supports his assertion. Further, his statement that the Sinowest office premises were closed and inaccessible due to the September 11 occurrence is unaddressed. Simply maintaining that: "Someone signed the return receipt" is not sufficient.[2]

The arguments advanced by Mr. Cheng and Sinowest are absolutely consistent with the "common sense" standard cited by Old Republic and offered as part of the <u>Weinstein v. Weinstein</u> analysis at page 4 of Plaintiffs' Memorandum. Plaintiffs' argument that the receipt of a signed receipt card of any type, nature or origin is sufficient to demonstrate good service and to prove notice of a proceeding is unavailing. Mr. Cheng and Sinowest have unequivocally rebutted any presumption noted by Old Republic.

### Enron Standard Met

Old Republic cites to <u>Enron Oil Corp v. Diakuhara</u>, 10 F.3d 90, 96 (2d Cir. 1993), maintaining that the Court must look to whether or not the default was willful; whether setting aside the default would prejudice the adversary; and whether a meritorious defense can be presented. Mr. Cheng and Sinowest have met this standard.

Old Republic alleges that Cheng and Sinowest were instrumental to the fraud complained of in that Cheng prepared a Power of Attorney and orchestrated the fraud in concert with Margaret Lee – relying upon Lee's FBI Proffer Statement to establish this

---

[2] As noted in the Cheng/Sinowest moving papers, to describe the unintelligible scrawl as a "signature" is – to put it mildly – overreaching in the extreme.

5

unsubstantiated chain of events. Annexed hereto is a Certification executed by the Hon. Ronald Reba, an Administrative Law Judge in the State of New Jersey who was, in reality, the party who prepared the Power of Attorney form at issue at the request of Charles Govern of Paradise Mortgage. As set forth in that Certification, Mr. Cheng had no connection whatsoever with the Power of Attorney and was not involved in its preparation or even requested its preparation.

As noted in the Cheng Affidavit, any failure to participate in this litigation was <u>not</u> intentional. Additionally, no prejudice can be shown by Old Republic. Should the Court grant the Motion to Vacate, Old Republic will merely need to re-gather its facts and seek to prove the allegations it has made – the same burden it would have had if Mr. Cheng and Sinowest had pled in 2001.

Mr. Cheng and Sinowest most certainly must be given the opportunity to defend this action and to rebut the base and baseless allegations made. Old Republic, it cannot be reasonably denied, possesses the ability and resources to seek out Ms. Lee and to prove its claims in the normal course. Any claim of prejudice does <u>not</u> outweigh or overcome the equitable considerations set forth in favor of allowing Mr. Cheng and Sinowest to defend themselves.

Lastly, in considering the Cheng Affidavit and the Reba Certification, it is clear that a meritorious defense is present: to wit – Mr. Cheng's only connection with this transaction was his arms-length and proper participation in referring Ms. Lee to Charles Govern. To argue that Mr. Cheng's attendance at a closing where <u>Lee</u> defrauded the bank makes Mr. Cheng her accomplice simply does not – and will not – hold up given the circumstances at hand.

## CONCLUSION

Based on the foregoing, and based on the accompanying Certification of Ronald Reba, it is requested that the Cheng and Sinowest Motion to Vacate Default be granted. Further, Mr. Cheng and Sinowest hereby reserve the right to offer supplementary briefs should additional evidence and/or testimony be provided as part of discovery herein that will follow.

Dated: July 24, 2006

JOHN CHENG AND
SINOWEST FINANCIAL SERVICES,

By: *[signature]*
Stephen P. Fogerty (ct01398)
Michael K. Stanton, Jr. (ct08916)
HALLORAN & SAGE LLP
315 Post Road West
Westport, CT 06880
Tel: 203-227-2855
Fax: 203-227-6992

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid and was forwarded by e-mail to the counsel listed below on July 24, 2006:

Madeleine F. Grossman, Esq.
Frank Silvestri, Jr., Esq.
Levett Rockwood P.C.
33 Riverside Avenue
Westport, CT 06881
fsilvestri@levettrockwood.com
Tel. No.: (203) 222-0885
Fax No.: (203) 226-8025

Kenneth Sussmane, Esq.
McCue, Sussmane & Zapfel
521 Fifth Avenue - 28th Floor
New York, NY 10175
ksussmane@mszpc.com
Tel. No.: (212) 931-5500
Fax No.: (212) 931-5508

Paul J. Hyams, Esq.
25 Wilshire Drive
Delmar, NY 12054
paul@hyams-law.com
Tel. No.: (518) 935-4659
Fax No.: (518) 475-9298

Christopher L. Brigham, Esq.
Updike, Kelly & Spellacy
265 Church Street
New Haven, CT 06510
cbrigham@uks.com
Tel. No.: (203) 786-8310
Fax No.: (203) 772-2037

William H. Champlin, III, Esq.
Tyler, Cooper & Alcorn
185 Asylum Street
Hartford, CT 06103
champlin@tylercooper.com
Tel. No.: (860) 725-6206
Fax No.: (860) 278-3802

Frank G. Usseglio, Esq.
Kenny, O'Keefe & Usseglio, PC
21 Oak Street – Suite 208
Hartford, CT 06106
fusseglio@kou-law.com
Tel. No.: (860) 246-2700
Fax No.: (860) 246-6480

Francis Donnarumma
100 Grand Street – Suite 2F
Waterbury, CT 06702
fdonnarumma@snet.net
Tel. No.: (203) 759-1002
Fax No.: (203) 759-1607

Scott S. McKessy, Esq.
Reed Smith LLP
599 Lexington Avenue – 29th Floor
New York, NY 10022
smckessy@reedsmith.com
Tel. No.: (212) 521-5421
Fax No.: (212) 521-5450

_/s/ Michael K. Stanton, Jr._
Michael K. Stanton, Jr.

853290v 1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

OLD REPUBLIC NATIONAL TITLE
INSURANCE COMPANY, and OLD
REPUBLIC NATIONAL TITLE
INSURANCE COMPANY as
Subrogee of Eastern Savings Bank

vs.    3:01cv1772(SRU)

BANK OF EAST ASIA LIMITED,
M.DEAN MONTGOMERY, ESQ.,
BENTLEY, MOSHER, BABSON
& LAMBERT, P.C., MARGARET L. LEE,
JOHN CHENG, SINOWEST FINANCIAL    JULY 14, 2006
SERVICES and TCRM ADVISORS, INC.

CERTIFICATION OF RONALD REBA

STATE OF NEW JERSEY    )
                       )
COUNTY OF MERCER       )

RONALD REBA, being duly sworn, deposes and says as follows:

1.   I am over the age of eighteen and believe in the obligation of an oath.

2.   This Affidavit is submitted in order to set forth my limited knowledge with respect to the matter noted above, and specifically with respect to a Power of Attorney instrument I prepared for a person alleged to be Margaret L. Lee at the request of Charles Govern of Paradise Mortgage.

3.   In the late 1990's I was engaged as a practicing lawyer with an office based in South River, New Jersey. At some point I believe in 1998, I was asked by Mr Govern to prepare a Power of Attorney document for a person identified to me to be Margaret Lee.

4.   To the best of my knowledge, I did so and provided it to Ms. Lee along with instructions how to complete the Power of Attorney. Recently, I was contacted by

Spencer B. Robbins of the Robbins & Robbins firm located in Woodbridge, New Jersey who contacted me on behalf of his client John Cheng.

5. To the best of my knowledge, Mr. Cheng had no involvement whatsoever in the preparation or execution of the Power of Attorney form. Mr. Cheng did not participate in any way in my dealings noted above involving Mr. Govern or Ms. Lee. In fact, to my knowledge, he was never mentioned to me as having any involvement or knowledge whatsoever with respect to the Power of Attorney form. Further, at no time did I have any business dealings, transactions and/or communications with Mr. Cheng with respect to Ms. Lee or any other business at that time or thereafter.

_____
RONALD REBA