UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | | |
|---|---|---|
| OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY and OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY as Subrogee of Eastern Savings Bank, | : : : : | CIVIL ACTION CASE NO.3:01-CV-1772(SRU) |
| Plaintiffs, | : : | |
| v. | : : | |
| BANK OF EAST ASIA LIMITED, M. DEAN MONTGOMERY, ESQ., BENTLEY, MOSHER, BABSON & LAMBERT, P.C., MARGARET L. LEE, JOHN CHENG, SINOWEST FINANCIAL SERVICES, TCRM ADVISORS, INC. and TCRM COMMERCIAL CORP., | : : : : : : : | |
| Defendants. | : | NOVEMBER 30, 2006 |

---

## REPLY OF OLD REPUBLIC TO CHENG'S AND SINOWEST'S SUPPLEMENTAL MEMORANDUM

Old Republic submits this reply to respond to new factual issues introduced by Cheng and Sinowest in their Supplemental Memorandum dated November 22, 2006.[1] Specifically, Cheng and Sinowest purport to rely on the deposition of Charles Govern, attached to their Memorandum as Exhibit E ("Govern Depo"), as supporting the claim that Govern and Cheng were not part of the fraudulent scheme which is the subject of this action.

As Old Republic noted in its Supplemental Memorandum dated November 21, 2006, Govern's deposition provided absolutely no information concerning the service issues pertinent

---

[1] Counsel for Cheng and Sinowest has represented to the undersigned counsel that he has no objection to Old Republic filing this reply, although he reserves his right to request permission to file a surreply.

to the pending motion (p. 4, fn. 2). Old Republic, therefore, did not discuss Govern's testimony -- although there was much to be said about it.

Since Cheng and Sinowest now have introduced the deposition, however, Old Republic contends that the transcript hardly supports Cheng's defenses on the merits. In fact the deposition raises further serious questions about the credibility of Cheng, as well as his colleague Govern.

According to Govern, he did not attend the closing of the fraudulent mortgage transaction (Govern Depo., pp. 38-39), and he did not sign the mortgage deed (Govern Depo., p. 47). Govern does admit, however, to having had business contacts with John Cheng. (Govern Depo., p. 49.) Cheng, for his part, admits to knowing Govern, admits to doing business with him, admits to attending the closing of the fraudulent mortgage transaction, and states he can't remember whether Govern also was there. See Deposition of John Cheng, August 8, 2006, Ex. B to Old Republic's Supplemental Memorandum, pp. 41-42.

Extraordinarily, despite Govern's claims to the contrary, he is named as a witness on page 6 of the mortgage deed signed at the closing, and the signature above his printed name looks remarkably like his. Compare the mortgage deed attached hereto as Exhibit 1 with the driver's license attached as Exhibit 2.

Apparently, Govern -- and Cheng, insofar as he relies on Govern's testimony -- would have us believe that some third person attended the closing, pretended to be Charles Govern and signed his name to the mortgage deed using a signature virtually indistinguishable from Govern's own. Further, if Govern is to be believed, Cheng, who was at the closing and knew Govern, said nothing about the "imposter" who fraudulently signed the mortgage deed as Charles Govern.

Try as he may, there is no way Cheng can spin this story to support his argument that he was "as misled and duped as the remaining parties to the unfortunate October 1998 transaction that lies at the heart of this matter." (Cheng's Supplemental Memorandum, pp. 1-2.) The Govern testimony provides no credible answers -- it simply raises more questions about who was involved in the fraudulent conspiracy along with Cheng.

        Respectfully submitted,

        PLAINTIFFS

        OLD REPUBLIC NATIONAL TITLE
        INSURANCE COMPANY

By /s/ Frank J. Silvestri, Jr.
        Frank J. Silvestri, Jr., Esq.
        Federal Bar No.: ct05367
        Madeleine F. Grossman, Esq.
        Federal Bar No: ct05987
        LEVETT ROCKWOOD P.C.
        33 Riverside Avenue
        P.O. Box 5116
        Westport, CT  06881
        Telephone: (203) 222-0885
        Facsimile: (203) 226-8025

**CERTIFICATION**

This is to certify that a true and correct copy of the foregoing was mailed, First Class Mail, postage pre-paid, on this the 30th day of November, 2006, to the following counsel of record:

William Champlin, III, Esq.
Tyler, Cooper & Alcorn
CityPlace – 35th Floor
185 Asylum Street
Hartford, CT 06103-3488

Francis M. Donnarumma, Esq.
100 Grand Street, Suite 2F
Waterbury, CT 06702

Scott S. McKessy, Esq.
Reed Smith LLP
599 Lexington Avenue, 29th Floor
New York, NY 10022

Kenneth S. Sussmane, Esq.
Sussmane & Zapfel, P.C.
521 Fifth Avenue, 28th Floor
New York, NY 10175

Christopher L. Brigham, Esq.
Updike, Kelly & Spellacy, P.C.
One Century Tower
265 Church Street
New Haven, CT 06510

Stephen P. Fogerty, Esq.
Michael K. Stanton, Jr., Esq.
Halloran & Sage LLP
315 Post Road West
Westport, CT 06880

/s/ Frank J. Silvestri, Jr.
Frank J. Silvestri, Jr.

130358